## ALONZO J. MARVIN *vs.* EDWARD D. MANDELL.

Bristol. Oct. 22. — Nov. 11, 1878. ENDICOTT & LORD, JJ., absent.

In an action for money had and received, the defendant, under a general denial, may prove that money, admitted to have been received by him, was, by agreement of parties, applied to the payment of advances previously made by him to the plaintiff.

Under the St. of 1867, *c.* 56, § 2, making it lawful to contract to pay a greater rate of interest than six per cent. per annum, and providing that no greater rate " shall be recovered in any action, except when the agreement to pay such greater rate of interest is in writing," a person who has paid a greater rate than six per cent. per annum, under an oral agreement, cannot maintain an action to recover back the excess.

MORTON, J. This is an action of contract for money had and received. The answer is a general denial. At the trial, the evidence tended to show the following facts:

The plaintiff was master of the whaling ship Adeline, and the firm of Charles R. Tucker & Co., of which the defendant is the surviving partner, were the agents of the ship. Before the ship sailed, in 1869, the plaintiff bought one sixteenth part of her, and the defendant advanced to the plaintiff a portion of the purchase money. Mr. Tucker, one of the firm, told the plaintiff that they should be obliged to charge him seven per cent. interest, as they had to borrow the money, and it would cost them as much as that at least. The plaintiff said he would do what was right, and was willing to pay them whatever it cost them for the money, but no agreement in writing was made between the par-

ties. After the return of the ship in 1874, the defendant's firm made up their account with the plaintiff, charging him seven per cent. interest compounded, on the advances made by them. The computation of the interest was explained to the plaintiff, and he made no objection to it. The account was settled between the parties in December, 1874, the plaintiff giving his receipt in full. The defendant testified that the amount charged for interest was what it cost the firm to obtain the money advanced to the plaintiff.

Upon this evidence, it was competent for the jury to find that the agreement between the parties in 1869 was that the defendant's firm, upon receiving the proceeds of the plaintiff's share or interest in the voyage, might apply them in the first instance to the repayment of the advances made by them to him, with such interest as was agreed upon.

If this was the agreement, it follows that the money received by the defendant's firm, to the amount necessary to repay their advances and interest, was not received to the use of the plaintiff, but to their own use, and this defence is open to the defendant under a general denial.

The rule of pleading is, that any matter in discharge or avoidance of a debt once existing must be specially pleaded, but any matter which shows that the debt never existed may be given in evidence under a general denial. It was competent, therefore, for the defendant in this case to prove, under his general denial, that the amount claimed by the plaintiff was, according to the agreement of the parties, received and applied by the firm to the advances made by them and interest. Such evidence would sustain his denial, and show that no indebtedness to the plaintiff ever existed on account of the money so received and applied. *Howard* v. *Hayward*, 16 Gray, 354. *Hawks* v. *Hawks*, 124 Mass. 457.

It should be observed, to prevent misunderstanding, that the plaintiff only claims in this suit the sum of $145, being the excess of the interest over six per cent. retained by the firm. If he had claimed the whole amount received by the firm as the proceeds of his share, the defendant, in order to avail himself of any payments to the plaintiff made since the receipt, must have specified them in his answer.

Another question involved in the case, though not strongly pressed by the plaintiff, is whether the plaintiff was entitled to a verdict because the defendant's firm retained a greater rate of interest than six per cent. The St. of 1867, *c.* 56, § 2, provides that it shall be lawful " to contract for payment and receipt of any rate of interest; provided, however, that no greater rate of interest than six per centum per annum shall be recovered in any action, except when the agreement to pay such greater rate of interest is in writing." The third section repeals §§ 3–5 of the Gen. Sts. *c.* 53. Under this statute, so long as an oral agreement to pay a greater rate of interest than six per cent. remains executory, it cannot be enforced. But it is lawful for parties to pay and to receive a greater rate; and if a greater rate is voluntarily paid, the excess over six per cent. cannot be recovered back.

In the case at bar, if the jury find that the parties in 1869 made the agreement as claimed by the defendant, and that the defendant's firm, upon receiving the plaintiff's money, in good faith and according to the terms of the agreement, applied it to paying their advances and interest, or if they find that in 1874 the plaintiff, no fraud or deception being practised upon him, voluntarily settled the account of the defendant, he cannot maintain his action.

For these reasons, we are of opinion that the learned judge who presided in the Superior Court erred in directing a verdict for the full amount claimed by the plaintiff, and that the case should be submitted to the jury with proper instructions.

*New trial ordered.*

*G. F. Tucker,* for the defendant.
*H. M. Knowlton,* for the plaintiff.