D. W. STARRATT & another vs. JAMES F. MULLEN.

Suffolk.    January 23, 1889. — February 28, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Oral Agreement — Executed Consideration — Burden of Proof.*

If an action is brought for goods sold and delivered and for money lent, it is a good defence that the goods were delivered and the money handed over as orally agreed by the plaintiff for the use of money already supplied him by the defendant; and if this defence is set up, the burden of proof does not shift, but is on the plaintiff throughout to prove that the goods were sold and the money was lent.

CONTRACT, on an account annexed, for clothes sold and delivered and money lent.    At the trial in the Superior Court, before *Lathrop*, J., the defendant admitted that the clothes were delivered by the plaintiffs to him, and that he received the money, but contended, and offered evidence tending to show, that he lent to the plaintiffs four thousand dollars, for which they gave him their promissory notes, in which nothing was said about interest, and that when he lent the money to the plaintiffs they orally agreed that for the use of the money they would pay him the sum of twenty dollars per week and furnish him with his clothes.

The plaintiffs asked the judge to rule that the agreement would be void, not being in writing, and also that, the defendant having relied upon this agreement, the burden of proof was upon him to prove it.    The judge refused so to rule, but ruled that the burden of proof was upon the plaintiffs to show that the money sued for was lent, and that the goods sued for were sold by the plaintiffs to the defendant.

The jury found for the defendant; and the plaintiffs alleged exceptions.

*E. M. Bigelow*, for the plaintiffs.

*T. J. Gargan*, ( *C. H. Sprague* with him,) for the defendant.

HOLMES, J.    Whether the agreement set up by the defendant could have been enforced or not, the plaintiffs were at liberty to perform it if they saw fit, and if they furnished the clothes in pursuance of it, they could not recover in this action.    *Marvin*

v. *Mandell*, 125 Mass. 562. The contract is not relied on as an executory or binding undertaking, but simply to show that the plaintiffs delivered the clothes upon an executed consideration, in which case, as in that of a gift, they did not deliver them for pay to be received thereafter.

The ruling as to the burden of proof was correct. *Phipps* v. *Mahon*, 141 Mass. 471. We shall not repeat the reasoning of that decision, with which we remain satisfied. But as it was questioned at the bar, we shall add a few words to what was said then. Undoubtedly many matters which, if true, would show that the plaintiff never had a cause of action, or even that he never had a valid contract, must be pleaded and proved by the defendant; for instance, infancy, coverture, or, probably, illegality. Where the line should be drawn might differ, conceivably, in different jurisdictions. But in the narrowest view of what constitutes the plaintiff's case, if he declares on a special contract, he must prove its terms as alleged, and on the same principle, if he declares on the common counts, he must prove, that the goods or services were furnished for a reward to be paid thereafter in money. " The plaintiff is bound to prove such a sale and delivery as will raise a debt payable on request." Parke, B., in *Cousins* v. *Paddon*, 2 C., M. & R. 547; *S. C.* 5 Tyrw. 535, 543.

Hence it was settled in England, that, even under the Hilary rules, if the defence was that the goods, although delivered to the defendant at his request, were delivered as a gift, or under a contract to pay in beer, or upon a consideration previously executed by the defendant, the proper course was to plead the general issue, and that a special plea would be bad upon special demurrer. *Jones* v. *Nanney*, 1 M. & W. 333. *Grounsell* v. *Lamb*, 1 M. & W. 352. *Morgan* v. *Pebrer*, 3 Bing. (N. S.) 457, 466, 467. *Wilson* v. *Story*, 4 Jur. 463. *Collingbourne* v. *Mantell*, 5 M. & W. 289. *Gardner* v. *Alexander*, 3 Dowl. 146. See *Marvin* v. *Mandell*, 125 Mass. 562, and cases cited. So as to special contracts. *Brind* v. *Dale*, 2 M. & W. 775. *Kemble* v. *Mills*, 1 M. & G. 757, 770. *Nash* v. *Breese*, 12 L. J. (N. S.) Ex. 305.

The cases cited answer the argument, that payment in advance would have to be pleaded and proved as payment.

Payment in advance would mean, that the goods were furnished upon an executed consideration, in pursuance of an antecedent duty, and that there never was a debt due for them for a single instant. It has been held in England, that, even where the transaction was a cash sale, and the payment was made at the same moment that the goods were furnished, the proper plea in debt after the Hilary rules was *nunquam indebitatus. Bussey* v. *Barnett,* 9 M. & W. 312. *Wood* v. *Bletcher,* 4 W. R. 566; *S. C.* 27 L. T. 126. *Dicken* v. *Neale,* 1 M. & W. 556, 559. See *Commonwealth* v. *Devlin,* 141 Mass. 423, 431. We do not refer to the foregoing cases as deciding the question of burden of proof, but the reasoning on which they proceed, coupled with the rule that the burden of proof never shifts, leads inevitably to the result reached in *Phipps* v. *Mahon, ubi supra.*

Proof of delivery of clothes by a tailor to the defendant, at his request, makes out a *prima facie* case, no doubt, because in the ordinary course of events a suit of clothes is followed by a bill. But this is only a probability, and if the probability is shaken, it is for the plaintiff to show that the language or the circumstances imported an assumption of liability by the defendant to pay money.                    *Exceptions overruled.*