- *T. E. Barry*, for the plaintiff.
- *J. G. Robinson*, for the defendant.

=====

## SOPHRONIA FROST *vs.* CLARENCE A. SUMNER.

Middlesex.    March 13, 1889. — May 6, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Personal Services — Legacy — Evidence — Accord and Satisfaction.*

In an action for a legacy and for services rendered the testator by the legatee as housekeeper and nurse, evidence was admitted that before the testator's death it was agreed between them that he would leave her the legacy and that she would accept it in payment for her services; and she obtained a verdict for the legacy alone. *Held*, that the evidence was competent to disprove the contract declared on.

CONTRACT against the defendant as executor of the will of Charles A. Frost. The declaration contained two counts, the first one to recover the sum of one thousand dollars, the amount of a legacy to the plaintiff in the will, and the second, upon an account annexed, to recover six hundred and twenty-four dollars for the services of the plaintiff rendered to the testator for

six years, at two dollars per week. The answer admitted that
the testator by his will left the legacy to the plaintiff, as alleged
in the first count of the declaration, and that the same was
due, but set up that the legacy was inserted in the will, and was
made to the plaintiff in satisfaction of all claims which she
might have upon him for services, and was accepted by her as
such by an agreement between the plaintiff and the testator
during his lifetime.

At the trial in the Superior Court, before *Bishop* J., it ap-
peared that the plaintiff, who was the sister-in-law of the testa-
tor, had served in his family for sixteen years as housekeeper;
that she had performed various services, and had had her living
and support, except clothing, which she had furnished herself,
but had never been paid anything for her services; that her ser-
vices were worth two dollars per week in addition to her living;
but the plaintiff did not claim, nor was there any evidence, that
there was an express contract to pay for such services.

The defendant offered evidence of conversations between the
plaintiff and the testator, and between the testator and third
persons in the presence of the plaintiff, about the time the will
was made and shortly before his death, tending to show an under-
standing between them, that, if he would make in his will a leg-
acy of one thousand dollars to her, she would accept the same as
a payment for her services; that she expressed to the testator
and other persons satisfaction with the legacy as payment; and
that the testator gave her the legacy in pursuance of such under-
standing. The plaintiff's counsel objected to the admission of
this evidence, and contended that the provisions for the plaintiff
in the will were a gift from the bounty of the testator, and that
the intention of the testator in this matter could not be proved
by parol evidence, but must be derived from the will itself.

The presiding judge overruled the objection, and admitted the
evidence, and the plaintiff excepted. The jury returned a ver-
dict for the plaintiff for the amount of the legacy and interest
only; and the plaintiff alleged exceptions.

*H. L. Parker*, for the plaintiff.

*S. H. Tyng*, for the defendant, was not called upon.

HOLMES, J. The first count of the declaration is for a legacy
of one thousand dollars, and on this the plaintiff had a verdict.

The second count is for services rendered the defendant's testator, the plaintiff's brother-in-law, by keeping house for him and nursing him. The defendant introduced evidence that before the testator's death it was agreed between the testator and the plaintiff that he would leave her a legacy of one thousand dollars, and that she would accept the same in payment for her services. The admission of this evidence was excepted to, on the ground that it contradicted the presumption arising on the face of the will that the legacy was a gift.

The objection is beside the point. The evidence was introduced, not to affect the construction of the will, but to disprove the contract declared on by the plaintiff. *Phipps* v. *Mahon*, 141 Mass. 471. *Starratt* v. *Mullen*, 148 Mass. 570. For the defendant's purpose, probably it did not matter whether the testator had kept his agreement or not. *Baxter* v. *Gray*, 3 Man. & Gr. 771. *Osborn* v. *Governors of Guy's Hospital*, 2 Str. 728. Compare *Miller* v. *Lash*, 85 N. C. 51. At all events, the evidence, if believed, showed that at the time of the testator's death the only outstanding contract to pay the plaintiff for her services was the contract to leave her the legacy, and that this was the only contract under which a part at least of the services were rendered originally.

It is unnecessary to consider whether there was any evidence of an implied contract before the express agreement was made. See *Bundy* v. *Hyde*, 50 N. H. 116. For that question would only be material if the ground of exception had been that it was impossible to substitute the promise to leave a legacy for a debt upon an executed consideration, even when, if the debt was not disputed, the amount due was unliquidated, and a part of the consideration for the promise was services rendered after it was offered. No such suggestion has been made, and we do not mean to give it any countenance. See *Wellington* v. *Apthorp*, 145 Mass. 69; *Savage* v. *Blanchard*, 148 Mass. 348.

*Exceptions overruled.*