## REBEKAH SIMONDS *vs.* MARY J. PATRIDGE.

Worcester.　October 1, 1891. — October 24, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Services — Accord and Satisfaction — Evidence.*

On the issue whether personal services rendered a testator in his lifetime were paid for by a gift in his will, one of the attesting witnesses testified that he was present when the will was "made," and had an "impression" that the plaintiff was also present, and that the testator then said that such services were to be paid for in that way; another attesting witness testified that she was present when the will was "executed," and the testator expressed himself in the same way, but that the plaintiff was not present. *Held,* on a bill of exceptions alleged by the plaintiff, that the testimony of each witness must be taken to refer to the same conversation, and was admissible; and that a ruling that there was no evidence of satisfaction of the plaintiff's claim was properly refused.

CONTRACT, against the administratrix with the will annexed of the estate of George Patridge, to recover $810 for personal services rendered by the plaintiff to the testator as a housekeeper. The answer contained a general denial, and set up an accord and satisfaction by a gift to the plaintiff in the testator's will.

At the trial in the Superior Court, before *Staples,* J., there was evidence that the plaintiff rendered the services in question to the testator from March, 1883, to the date of the testator's death, on August 12, 1886, receiving from him in his lifetime no pay therefor beyond two small sums of money; that the testator, by his will, which was dated August 6, 1886, and of which Dr. Charles H. Davis and Sarah A. Williams were two of the attesting witnesses, gave to the plaintiff certain real estate, which she had sold for $8,000; and that the plaintiff knew before the testator's death that he intended to give her this real estate in his will.

The defendant called Dr. Davis, who testified that he "was present when George Patridge's will was made," and, against the plaintiff's objection, was permitted to testify that the said George, when the will was being written, said that he wanted the plaintiff to have the house, because she had always been kind to him and faithful, and done the right thing for him,

and that would be in compensation for what she had done.   He did not remember that the plaintiff was in the room when this was said, but had the "impression" that she was; that she was about the house, in the room or near it.

Sarah A. Williams, called by the defendant, was permitted to testify, against the plaintiff's objection, that she "was present when George Patridge executed his will"; that the plaintiff was not present; that Micajah, his brother, said to George, "You want to leave the house to Rebekah, because she has done so much for you?" and George nodded his head, and mumbled, "Yes."

The judge refused to rule, as requested by the plaintiff, that there was no evidence of satisfaction of the plaintiff's claim, and instructed the jury that, if it was understood and intended by and between the plaintiff and George Patridge that the provision made for her in the will should be and should operate as compensation for her services, and the same was so accepted by her when the will became effectual, then she cannot now claim any further compensation; and that the evidence of Dr. Davis was not competent, upon the question of an agreement between George Patridge and the plaintiff, if they should find that the plaintiff was not present at the time of the conversation recalled by him.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*F. A. Gaskill & H. F. Harris*, for the plaintiff.

*W. S. B. Hopkins & F. J. Barnard*, for the defendant.

HOLMES, J.   This is an action for services as housekeeper to the defendant's testator.   The answer is a general denial, and accord and satisfaction by a devise and legacy in the testator's will.   If a conversation took place between the testator and a third person in the presence of the plaintiff, to the effect that her services were to be paid for in that way, it would be admissible to prove the fact.   *Frost* v. *Sumner*, 149 Mass. 98.   The testimony of Dr. Davis was open to the interpretation that, although his memory of the plaintiff's presence at the conversation which he related was not visual, it still was memory of a fainter degree, sufficient for belief.   So interpreted, it warranted a finding that she was present.   *Stockbridge* v. *West Stockbridge*, 12 Mass. 400.   The jury were instructed that Dr. Davis's evidence was not competent, if they should find that the plaintiff

was not present at the conversation testified to by him. This being the presiding justice's view of the law, expressly stated to the jury, it is quite incredible that he should have applied a contradictory rule the next moment to the testimony of Sarah Williams ; and we are compelled to require with some strictness that the excepting party should make it clear that the testimony was admitted improperly.

The bill of exceptions does not exclude the possibility, and some of us think that it shows affirmatively, that the conversation testified to by Williams was the same as that testified to by Dr. Davis ; so that the evidence and instructions as to the plaintiff's presence applied to it also.

Dr. Davis and Williams both were witnesses to the will. The occasion described by the former was when the will was made, by the latter, when Patridge executed his will. There is nothing in the two accounts of what was said inconsistent with its being the same conversation. Evidently the judge assumed that both witnesses were speaking of the same conversation, and, although the bill of exceptions suggests the possibility that they were not doing so, it does not show the fact to have been that way rather than the other. Upon this view of the evidence, without going further, it was admissible, and the ruling requested, that there was no evidence of satisfaction of the plaintiff's claim, was properly refused.                       *Exceptions overruled.*