## ANDERSON MERCANTILE COMPANY v. ANDERSON et al.

(134 N. W. 36.)

**Contracts — action on — plea of general denial.**

1. Under the plea of general denial to an action upon the contract, the defendant may show that the contract between him and the plaintiff was a different one than that set out in the complaint, or that no contract at all was made.

**Corporations —action by corporation against stockholders — condition.**

2. *Held*, that where a managing agent of a general store stated an account with stockholders of the company, and allowed such persons to take out goods from the store for the purpose of trading out a balance found due and owing to them on such account, but that the allowance of part of such account was improper and unauthorized, being based on dividends in the company, which had not been declared by the directors of the corporation, the corporation could not afterwards sue for the value of such goods without first having repudiated the contract and demanded a return of the same.

Opinion filed December 9, 1911. Rehearing denied January 8, 1912.

Appeal from District Court, Ramsey county; *Cowan,* J.

Action by the Anderson Mercantile Company against Oscar R. Anderson and another. From a judgment for defendants, plaintiff appeals. Affirmed.

This is an action by appellant "for goods and merchandise sold and delivered during the year 1909, of the agreed worth and value of $240.39," to which the respondents filed an answer which denied "each and every allegation, and each and every part of each and every allegation in said complaint contained, except as hereinafter admitted, qualified, or explained," and alleged that "on or about the 13th day of January, 1909, an account in writing was stated between the plaintiff and the defendants, and upon such statement a balance of $237.82 was found due from plaintiff and agreed to be paid; that thereafter it was agreed by the plaintiff and the defendants that said balance due the defendants was to be traded out of the store of the plaintiff, and in accordance with said agreement defendants obtained the goods referred to in plaintiff's cause of action; that thereafter the plaintiff sold a trunk belonging to the defendants, for which it was agreed to pay said defendants the sum of $8.50; that by reason of the foregoing premises there is due the defendants the sum of $8.50, together with interest on $237.82 from January 13, 1909, at the rate of 7 per cent." The prayer did not ask for an affirmative judgment, but "for dismissal of this action, together, with their costs and disbursements herein." There appears in the answer no qualification of the general denial, in so far as the clause of the complaint is concerned, which alleges that the goods and merchandise of the agreed worth and value of $240.39 were sold to the defendants, and that the payment thereof had been demanded and refused. A verdict was rendered for the defendants, and the plaintiff has appealed to this court from the order of the trial judge overruling the motion for a new trial and rendering judgment against him.

Error was assigned on account of the action of the court in charging the jury that the burden of proof was upon the plaintiff, and not upon the defendants; in allowing the cross-examination to go beyond the examination in chief; in allowing evidence in regard to the account stated, which was alleged to be inadmissible since the managing agent of the store, who was alleged to have made the same and allowed credit

on account of dividends in the plaintiff corporation, had no power to assign them, such power being in the directors of the corporation alone; and generally because the evidence was claimed to be insufficient to support the verdict, there being no evidence that the dividends had ever been legally declared. There were also assignments of error based on the exclusion of evidence and alleged prejudicial statements of the court made in the presence of the jury, and for the giving and refusing of instructions in accordance with the theory of the court.

The facts of the case, which were found by the jury, and which are therefore binding on this court, were substantially: That the defendants went into the store of the plaintiff, of which Strand was general manager, and demanded, in cash, some $237.82, which they claimed to be due to them in dividends (what occurred is related by John T. Anderson, one of the defendants, and by Strand, the general manager). That John T. Anderson said that he and his brother had worked for the company for some time, and had credits coming from wages. That they owed something to the store for goods. That upon the 18th of January, 1908, he and his brother had a settlement with the company through its managing agent, Strand. That the different items were gone into between them. That concessions were made on his part, and that, after the different items were figured over, there was a balance of $237.82 agreed to be due to himself and his brother, and that he said to Strand: "Well, what will you do about this? Do you want to give us a note for that?" And that Strand said: "No, he did not like to give a note." " 'Well,' I says, 'suppose we take that in trade. We will want a lot of barbed wire on the farm this summer, and a lot of stuff, and we will take it out in trade. How will that be? And he says, 'That will be all right.' " The witness Strand states the conversation somewhat differently, but the jury evidently believed Anderson. Strand testified that there was such a conversation, that he wrote the account stated, and his testimony merely differs from that of Anderson in that he claims that the settlement was conditioned upon the approval by the board of directors of the allowance of the dividends.

*Middaugh & Cuthbert,* for appellant.
*W. M. Anderson,* for respondents.

BRUCE, J. (after stating the facts as above).   The answer of the defendant in this case is, to all intents and purposes, a general denial. What was said therein in regard to the account stated was surplusage, and that it was not necessary that it should have been pleaded.   Under the general denial of the Code, the defendant may show that the contract between him and the plaintiff was a different one than that set out in the complaint, or that no contract at all was in fact made.   1 Enc. Pl. & Pr. p. 818; Starratt v. Mullen, 148 Mass. 570, 2 L.R.A. 697, 20 N. E. 178. See discussion in Vallancey v. Hunt, 20 N. D. 579, 34 L.R.A.(N.S.) 473, 129 N. W. 455–459.

The defense in this case was not a defense of payment or set-off or counterclaim, but merely that the defendants never agreed to pay for the goods at all, and that they took them in payment of an account stated and of a credit due and owing to them from the plaintiff.   This was merely showing that the actual contract between the parties was a different one than that set forth in the complaint, and, as they asked for no affirmative relief, it was nothing more than a general denial.   Whatever may be said as to the authority of the agent, Strand, to state the account and allow this credit, the jury, by their verdict, found that it was stated, and that it was unconditional if unauthorized, the plaintiff corporation should have repudiated it and demanded a return of the goods and if they were not returned they could have sued for their value. There is, in this case, no evidence of such repudiation.   The agreement of the agent, Strand, was essentially a trade agreement, and the account contained many things besides the allowance of dividends.   There was a give and take on both sides.   The burden of proof was therefore upon the plaintiff to prove his cause of action; that is to say, to prove that the defendant agreed to pay for the goods at all.   It is true that there is in the answer a claim for $8.50 for a trunk, which is separate from the account stated, and which, if pleaded affirmatively, might be looked upon as a set-off.   But no affirmative judgment is asked, and both parties agree that the amount claimed was due and owing.   The question of the burden of proof on this item, therefore, is immaterial.

These considerations not only dispose of the alleged errors in regard to the admission of evidence and the remarks and instructions of the court in regard to the burden of proof, but the assignments for the alleged errors in allowing the cross-examination to extend beyond the

limits of the examination in chief. The examination in chief was for the purpose of showing an agreement on the part of the defendants to pay for the goods in controversy. The burden was upon the plaintiff to prove the contract of sale and purchase, and the examination in chief was for the purpose of meeting this requirement. Anything that would disprove the agreement was proper cross-examination, and it was for this purpose only that the examination was extended. So, too, the errors of the court in striking out portions of the answers, if errors they were, can hardly be looked upon as grounds for reversal. They were chiefly to be found in connection with questions as to the authority of the manager to declare dividends, and under our theory of the case such evidence was immaterial. Even if it could be considered material, the errors could easily have been cured by cross-examination, as the principal reasons given for the exclusion of the portions of the answer were that they were not responsive to the questions.

The judgment of the District Court is affirmed.