## HEISZLER v. BEDDOW.

(135 N. W. 660.)

**Evidence — admissibility under general denial in action for conversion of money.**

1. Under a general denial in an action for the conversion of money alleged to have been given to the defendant to be applied in payment of a debt to a third party, defendant may put the plaintiff to proof of the allegations of his complaint, and may himself show that the money was really received in payment of a debt due to him from the plaintiff. Such evidence, however, may not be introduced merely for the purpose of proving a counterclaim or obtaining an affirmative judgment.

**Appeal — absence of statement of case — effect.**

2. Where there is, in the record, no settled statement of the case from a perusal of which the court can be advised as to the nature of the evidence, and under what conditions it was admitted and introduced, the supreme court will not reverse a judgment because, upon a certain state of facts not disclosed by the record, the instruction might be incorrect.

Opinion filed March 25, 1912.

Appeal from the District Court of La Moure county; *Goss, J.*

Action for the wrongful conversion of money. Verdict and judgment for the plaintiff. Defendant appeals.

Affirmed.

*Davis & Warren,* for appellant.

Defendant could show under his general denial that plaintiff never had a cause of action. Hogen v. Klabo, 13 N. D. 319, 100 N. W. 847; Phœnix Mut. L. Ins. Co. v. Walrath, 53 Wis. 669, 10 N. W. 151; Bliss, Code Pl. § 327; 1 Enc. Pl. & Pr. 817, 819; Sodini v. Gaber, 101 Minn. 155, 111 N. W. 962; 31 Cyc. 680, 681.

The court, whether requested or not, should correctly and fully charge the jury on every point material to the decision of the case on which there is evidence. 11 Enc. Pl. & Pr. 159; Judson v. Winsted, 80 Conn. 384, 15 L.R.A.(N.S.) 91, 68 Atl. 999; Moline Plow Co. v. Gilbert, 3 Dak. 239, 15 N. W. 1; Ferris v. Marshall, 1 Neb. (Unof.) 377, 96 N. W. 602.

*M. C. Lasell,* for respondent.

The judgment roll is the only matter before the court. First Nat. Bank v. McGuire, 12 S. D. 226, 47 L.R.A. 413, 76 Am. St. Rep. 598, 80 N. W. 1074; 23 Cyc. 622.

BRUCE, J. This action, when stripped of all confusing details, is an action for the conversion of the sum of $1,025, alleged by the plaintiff, Nettie Heiszler, to have been paid by her to one W. E. Beddow, deceased (the administratrix of whose estate is made a party defendant herein), for the purpose of being applied towards the payment of a certain mortgage note. The answer is in effect a general denial. The court instructed the jury that "the only issue to be decided is as to whether the plaintiff, when she paid the said sum of $1,025 to the deceased, directed that it should be applied to the payment of said note," and that "the verdict of the jury must be for the full amount sued for, or for nothing." He also instructed the jury that "all evidence in this case relative to whether or not there was a lease between the plaintiff and her then husband, and this defendant, and all the evidence of financial transactions by the plaintiff with other persons, has been received solely for the purpose of aiding you in determining the relationship of the parties in a business way to each other, the credibility of the parties, and as bearing upon whether the plaintiff, at the time of the payment of said money, directed the application thereof to be made by the defendant upon the note and mortgage aforesaid." A verdict and judgment was returned and entered for the plaintiff for the full amount, and defendant appeals.

In appellant's abstract, and in the form of an exception to one of the instructions of the court, there is a claim by defendant's counsel "that at least the sum of $140 has been paid on the note, inasmuch as certain testimony is in the case relative to the authorization by the defendant of the payment of that amount by the bank of Caledonia," and in an-

other exception is found the statement that "there was a contract of hir-
ing. between the plaintiff and her then husband and the defendant in
the spring of 1905, whereby the plaintiff and her husband farmed cer-
tain land of the defendant, and for their services were to receive a
portion of the crop produced upon said land, which portion should be
delivered to the defendant in an elevator at Berlin, but the plaintiff
and her husband should care for and preserve said crops until divided
and delivered, and until such time title, ownership, and right to posses-
sion of the whole should remain in the defendant; that such crops were
never divided, nor delivered to the defendant, and that plaintiff, with-
out the knowledge and consent of the defendant, sold and otherwise
disposed of said crops and converted the proceeds to her own posses-
sion, and that said payment of $1,025 to the defendant by the plain-
tiff was part of the proceeds as received from said crops." It is also
alleged in the abstract and brief of defendant that there was proof of
these facts. There is to be found in the record, however, no statement
of the case, and no abstract or review of the testimony, the appeal being
taken upon the judgment roll alone.

There can be no question that under the plea of a general denial, the
plaintiff may be put to strict proof of the allegations of his complaint,
and that under such plea the defendant may show that the contract sued
upon did not exist, or that the money in controversy was paid and re-
ceived under a different contract. Anderson Mercantile Co. v. Ander-
son, 22 N. D. 441. If, therefore, competent evidence was offered tend-
ing to show that the $1,025 paid to the deceased was not paid to him to
apply upon said note, but was merely a payment of money derived as his
share of crops raised upon the lands leased by him, such evidence would
have been admissible. It would have been admissible, however, not for
the purpose of establishing a counterclaim, but for the purpose of show-
ing that the contract sued upon did not, in fact, exist, or that the money
claimed to have been converted was not paid to the defendant for the
purpose claimed. Anderson Mercantile Co. v. Anderson, 22 N. D. 441.
Under a general denial, however, a counterclaim cannot be proved. The
court, therefore, did not err in instructing the jury that the only issue
before them was as to whether the $1,025 was directed to be paid upon
the note, and that their verdict must be for the full amount sued upon
or. for nothing. Defendants asked for no specific instructions. They

seem to have been satisfied with excepting to those that were given. Even if the making of the lease was proved and the $1,025 was proved to have been paid out of the crops, the question would still have remained as to whether the money received by the deceased was received by him to be applied upon the notes, or received by him for some other purpose. The court so instructed, and the issue was squarely presented to the jury. Neither in the printed abstract nor in the record itself is there to be found any statement of the case or record or summary of the evidence. Without such matter before us, we are totally unable to determine whether the instructions were based upon the evidence and the proof or not. We are also unable to determine whether the evidence offered as to the lease and the proceeds of the crops, and as to the $140 alleged to have been paid by the bank of Caledonia, was offered in such a way as to have been admissible for any other purpose than that outlined in the instruction of the court, or, if admissible, whether it was in any way conclusive or worthy of credence. Strictly speaking, also, the instructions and the exceptions thereto are not before us for review. We have therefore no choice but to affirm the judgment of the court below.

Goss, J., having presided at the trial in the court below, did not participate.