## GOETZ et ux v. MERCHANTS' BANK OF RUGBY.

(138 N. W. 10.)

**Contracts — action for breach of agreement — burden of proof.**

1. Plaintiff's cause of action is based on defendant's refusal to pay to him the sum of $800, the proceeds of a loan which it is alleged defendant promised to pay

to him in cash. The answer puts in issue the allegation of a promise by it to pay plaintiff in cash, and alleges that the agreement was that it should apply the proceeds of the loan in paying and discharging certain indebtedness owing by plaintiff, and that it applied such proceeds accordingly.

*Held,* that the burden of proof was on plaintiff to establish the truth of his contention as alleged, and that it was prejudicial error not to instruct the jury to this effect.

Evidence.

2. Certain rulings in the admission and exclusion of testimony at the trial, examined and *held* erroneous.

Opinion filed October 4, 1912.

Appeal by defendant from a judgment of the District Court for Pierce County; *John F. Cowan,* Special Judge, and from an order denying its motion for new trial in an action to recover an amount due plaintiffs upon a loan negotiated with the defendant.

Reversed.

*Paul Campbell,* of Rugby, for appellant.

*H. S. Kline* and *J. K. Murray,* of Anamoose, and *L. J. Palda, Jr.,* of Minot, for respondents.

Fisk, J.   This is an appeal from a judgment of the district court of Pierce county, and also from an order denying defendant's motion in the alternative for judgment notwithstanding the verdict or for a new trial.   The record discloses that the appeal from the judgment was taken more than a year after notice of the entry of the judgment, and such appeal is therefore ineffectual.   This point is not raised, however, by respondents' counsel, and is not material, in view of the fact that the appeal from the order raises all the questions which could have been raised on the appeal from the judgment had it been taken in time.

Appellant's counsel has exhibited great industry in the preparation of his appeal papers, his printed brief and argument containing eighty-seven pages in which he has assigned no less than thirty-seven alleged errors, many of which we deem insufficient in form and substance to require notice.   We shall not attempt to notice more than a few of such assignments, as the conclusion to which we have arrived renders it unnecessary to do so.   We are agreed that for certain errors of law occurring at the trial the order appealed from must be reversed and a new trial or-

dered. Before noticing these errors, a brief statement of the facts will be made.

The action was brought by George Goetz and his wife, Barbara Goetz, and the complaint as originally drawn contained two separate and distinct causes of action; but at the trial the complaint was, on motion of plaintiff's counsel, amended by striking out the name of Barbara Goetz as one of the plaintiffs, and the second cause of action was dismissed. In brief, the first cause of action alleges that on or about December 8, 1905, defendant bank agreed to loan to plaintiff and to pay and to deliver to him the sum of $800 in consideration of plaintiff's executing and delivering to it his promissory note for such sum, together with a mortgage on certain real property securing the payment of said note, and that pursuant to such agreement plaintiff executed and delivered to defendant said note and mortgage, and defendant accepted the same, but has wholly failed to pay or deliver to plaintiff the said sum of $800 or any part thereof, though requested so to do; and the complaint alleges that plaintiff has been damaged thereby in the sum of $800, and he prays for judgment for said amount, together with interest at the rate of 7 per cent per annum from said date. The answer to this cause of action in effect denies the contract as alleged in the complaint, but admits the execution and delivery of the note and mortgage, and alleges that the agreement was that the proceeds of said loan should be applied by it in the payment of certain designated expenses and in satisfying certain indebtedness in the form of notes held by defendant against the plaintiffs, which notes, with interest, amounted to $746.75, and that the proceeds of such loan were by defendant applied in such manner, leaving a balance of only $36 to be paid to plaintiff, which amount, it is alleged, was paid to him. These are the issues, the trial of which resulted in a verdict in plaintiff's favor for the sum of $267.25, with interest. In due time a statement of the case was settled, containing specifications of error on which a motion for judgment in the alternative or for a new trial was made and denied.

The principal assignments, and the only ones which we shall notice, relate to the instruction as to the burden of proof and to certain rulings upon the admission and exclusion of testimony.

The court charged the jury in effect that the defense interposed was that of payment, and that the payment under the law is an affirmative

defense, and the burden of proof is upon the defendant to establish, by a fair preponderance of the evidence, that it made such payment. We think this was prejudicial error. The defense, strictly speaking, was not that of payment. The answer squarely puts in issue the allegations of the complaint as to the nature of the agreement, and such answer, as we have seen, sets up an altogether different agreement from that alleged, under which it is claimed that the note and mortgage were given to pay and discharge certain specified indebtedness owing by plaintiff. It was therefore incumbent on plaintiff to establish his cause of action as pleaded. It would be otherwise if defendant's answer admitted that the transaction was as alleged in the complaint, and merely pleaded payment of such money; but, according to its answer and its contention at the trial, the agreement was that it should pay the defendant no money except the small balance of $36, which remained after satisfying the various claims owing by plaintiff. In other words, if the answer had admitted that the proceeds of such loan were to be paid to plaintiff in cash, but that afterwards it applied such proceeds pursuant to directions of plaintiff, the defense would be that of payment, and the general rule that the burden of proof would be on a person claiming to have made such payments would apply. We think the rule announced in Anderson Mercantile Co. v. Anderson, 22 N. D. 441, 134 N. W. 36, is applicable and controlling on this point in appellant's favor. This conclusion compels us to order a new trial, and in view of such disposition of the appeal we will briefly notice such other rulings as are likely to arise on another trial.

On the direct examination of plaintiff, he testified in effect that the bank had not advanced to or paid him any money for this note and mortgage, and on cross-examination defendant sought to show that since the making of such note plaintiff had drawn checks on the bank, which were paid by it. We think the ruling excluding such testimony was erroneous. It was certainly proper cross-examination to show that plaintiff had received money from defendant bank if followed by proof showing that such receipts were from the proceeds of the so-called loan. Whether such ruling was prejudicial we cannot determine from the record, as it does not appear what the answer to the question objected to would have been, there being no offer of proof.

It was also error to sustain plaintiff's objection to the following ques-

tion asked the witness McClintock, president of defendant bank, as follows:

"Have you in your possession any of the notes which the plaintiff Goetz authorized you to deduct from this loan?" It was certainly competent for defendant to show that these notes had been paid and satisfied by the bank in accordance with the agreement as contended for by it, and which was testified to by this witness just prior to the above question, and this was, no doubt, the object in view in asking such question.

This witness, after testifying that at the time of making the loan he figured up on a memorandum the amount due on these old notes and told plaintiff the amount, was not permitted to give such figures, nor was such memorandum admitted in evidence. We think these rulings also constituted error. This testimony was clearly competent, relevant, and material. The memorandum, under the facts testified to, was a part of the *res gestœ* of the transaction.

Defendant was not permitted to prove by such witness that plaintiff had never asked for any accounting as to the proceeds of such loan. We are unable to conceive why such offered proof was not proper. Even though a demand for an accounting was not a prerequisite to plaintiff's cause of action, his counsel alleged such a demand in the complaint, and certainly a failure for several years to request such accounting would be an important and material circumstance proper for the jury to consider.

The same may be said of the next ruling, sustaining an objection to the question, "Has he (plaintiff) ever asked you to turn over to him these notes?" Such question was, we think, clearly proper.

It was also error to sustain plaintiff's objection to Exhibit D. This is a note for $325 stipulated to have been executed by plaintiff, and is one of the notes owned by the bank at the time the transaction in question took place, and which defendant contends was to be satisfied out of the $800 loan.

The foregoing are the chief errors disclosed by the record and are the only ones deemed worthy of mention in this opinion. The rulings denying the motions for a directed verdict were entirely proper in the light of the testimony which was squarely in conflict upon the material facts in dispute.

The order appealed from is reversed and a new trial ordered.