JOHN J. DALTON *vs.* AMERICAN AMMONIA COMPANY.

Suffolk.    October 16, 1918. — December 30, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Judgment. Res Judicata.*

In an action in the Superior Court for alleged breach of a contract in writing to employ the plaintiff as a salesman for one year at a salary of $50 a week and a further compensation at the end of the term, the defendant set up the alleged defence that the plaintiff broke his contract and that the defendant discharged him rightly for that reason. The plaintiff contended that a previous judgment of the Municipal Court of the City of Boston in favor of the plaintiff precluded the defendant from showing that the plaintiff had broken his contract before the date of that judgment. It appeared that the previous action was brought, seven months after the date of the contract of employment, upon an account annexed, the first three items being of $50 each for services rendered by the plaintiff as a salesman in three successive weeks, each of the last two weeks ending after the date of the writ, and the other items being for expenses. The judge of the Municipal Court had found that the plaintiff was discharged by the defendant without justification. He had ruled that the plaintiff could not recover on the two items for salary that became due after the date of the writ and had found for the plaintiff upon the first item for salary and for certain expenses. Judgment was entered in the Municipal Court for the plaintiff in accordance with this finding. *Held*, that this judgment was conclusive of the fact that the plaintiff had performed his contract up to the end of the week for which he was held to be entitled to his salary, and that the defendant in the action in the Superior Court was precluded from showing the contrary.

CONTRACT for the alleged breach of an agreement in writing to employ the plaintiff as salesman for one year from September 15, 1913, at a salary of $50 a week and all travelling and other reasonable expenses and a further compensation payable at the end of the term of two hundred and fifty shares of the capital stock of the defendant of the par value of $10 a share. Writ in the Superior Court dated June 8, 1914.

The case was tried before *Bell*, J. The evidence in regard to the previous action between the same parties in the Municipal Court of the City of Boston is described in the opinion. At the close of the evidence the plaintiff, among other requests, asked the judge to make the following rulings:

"2. The judgment of the Municipal Court of the City of Boston is conclusive evidence of the existence of the contract sued on and of its performance by the plaintiff up to April 11, 1914."

"6. The defendant is estopped to show any cause for discharge of the plaintiff that existed prior to April 11, 1914.

"7. If the jury find that the contract relied on was litigated in the Municipal Court action, then that establishes performance of it by the plaintiff up to April 11, 1914."

"12. The plaintiff performed his contract up to April 11, 1914.

"13. The defendant is estopped from showing any breaches of contract by the plaintiff prior to April 11, 1914."

The judge refused to make any of these rulings, and ruled "that the matter of the discharge of the plaintiff was not in issue in the action in the lower court; that whether or not the discharge was justified was not in issue in the lower court, and that evidence could be introduced in the present action to show that there was no discharge, and that, if there was a discharge, the defendant was justified in making it."

The judge submitted to the jury four questions, which with the answers of the jury were as follows:

"1. Did or did not the plaintiff fail in his duty toward the defendant in any material respect which was not waived?" The jury answered, "He did."

"2. Did or did not the defendant discharge the plaintiff on Saturday, April 11, 1914?" The jury answered, "Did not."

"3. If the jury find that the plaintiff had failed in his duty toward the defendant in any material respect which was not waived or that the defendant did not discharge the plaintiff, they will not answer this third question.

"Otherwise, what sum is a fair and just compensation to the plaintiff for any damage caused to him by his discharge?" The jury did not answer this question.

"4. Was or was not the question whether the plaintiff was wrongfully discharged actually tried in the Municipal Court of the City of Boston?" The jury answered, "It was not."

Thereupon the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. J. Walsh,* for the plaintiff.

*E. R. Anderson,* (*H. Guild* with him,) for the defendant.

CROSBY, J. This is an action to recover damages for the alleged breach of a written contract. By the terms of the contract the defendant agreed to employ the plaintiff as a salesman for one year from September 15, 1913, at a salary of $50 a week, and to pay his travelling and other reasonable expenses; and at the end of the year, upon full performance by the plaintiff, to assign and deliver to him two hundred and fifty shares of the capital stock of the defendant corporation.

It is the contention of the plaintiff that a judgment recovered by him against the defendant in the Municipal Court of the City of Boston is *res judicata* upon the question whether the plaintiff performed the contract in accordance with its terms, and whether a breach thereof was committed by the defendant. In other words, the question is, whether the judgment in the first action precludes the defendant from showing in the case at bar that there was a breach of the contract by the plaintiff, and that the defendant did not wrongfully discharge him.

In order to determine that question it is necessary to consider what was properly tried in the action in the Municipal Court. It appears from the record that it was an action of contract upon an account annexed, — the first three items being $50 each for the weeks ending respectively April 11, 18 and 25, 1914, for services rendered by the plaintiff as a salesman, and the other items for travelling and other expenses, and credits given for cash received. The defendant's answer was a general denial and payment. The judge of the Municipal Court properly ruled that the plaintiff could not recover upon the second and third items — as the writ was dated April 13, 1914, it is plain that the plaintiff could not recover for services rendered after that date — and found for the plaintiff upon the first item and for certain expenses. Judgment was entered in accordance with the finding.

Where services are rendered in accordance with the terms of a written contract of employment, the employee may maintain an action upon an account annexed for such services and expenses as are then due and payable. *Cullen* v. *Sears*, 112 Mass. 299, 308. In an action upon an account annexed the burden of proof was upon the plaintiff to show that he had performed the written contract in order that he might prevail. Under the gen-

eral denial it would have been competent for the defendant to have proved that the plaintiff had not performed his part of the contract.  *Marvin* v. *Mandell,* 125 Mass. 562, 563.  *Starratt* v. *Mullen,* 148 Mass. 570.  *Wylie* v. *Marinofsky,* 201 Mass. 583, 584.  *Hughes* v. *Williams,* 229 Mass. 467, 470.  It would not be performance of his contract by the plaintiff for him so to conduct himself as would warrant his discharge by the defendant. The judge of the Municipal Court found that on April 11, 1914, the plaintiff was discharged by the defendant without justification; and that on April 13, 1914, the action was brought.  He also found that on April 11, the treasurer of the defendant company said to the plaintiff "Dalton you are discharged.  You discharged yourself by leaving Pittsburg . . .;" and that the plaintiff left Pittsburg and came to Boston on April 9 or 10, 1914.  It is apparent that, if the defendant was justified in discharging the plaintiff, it would have been a defence to the original action, and presented an issue which could have been tried and adjudicated in that action.  There is nothing to show that the defendant waived that defence.  Upon this issue the judge of the Municipal Court found that on April 11, 1914, the plaintiff was discharged by the defendant without justification.  The issue whether the plaintiff had performed his contract during the week ending April 11, 1914, was directly involved on the pleadings. That was a question which in law not only might have been tried but which the record shows was actually tried and adjudicated.  Hence the rule of *res judicata* must apply.  *Foye* v. *Patch,* 132 Mass. 105, 110.  *Watts* v. *Watts,* 160 Mass. 464.  *Corbett* v. *Craven,* 193 Mass. 30.  *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41.

The exceptions to the refusal of the court to give the plaintiff's requests two, six, seven, twelve and thirteen, must be sustained.

*Ordered accordingly.*