EDWARD S. UNDERWOOD, trustee in bankruptcy, *vs.* JAMES T. LENNOX.

Essex.　March 15, 1922. — July 5, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Res Judicata. Bankruptcy. Corporation. Dividend.*

In an action by a trustee in bankruptcy of a corporation which was adjudicated a bankrupt in November, 1915, against a stockholder to recover $7,000 received by him from the corporation in 1914, an auditor found that when the corporation was organized the four incorporators agreed that two of them, one of whom was the defendant, who contributed $25,000 as the capital of the corporation should be entitled to draw interest at six per cent per annum upon their investment indefinitely and that jointly they should be entitled to $5,500 as their share of the profits for the first year and thereafter they should receive one third of all the net profits; that about the same time these two incorporators agreed with each other not to withdraw any part of the profits without the consent of the other while the corporation should need money; that previous to 1914 and while the corporation was solvent and without impairing the capital nearly $40,000 had been credited to these two incorporators on the books of the corporation and was intended by all the stockholders and directors as an informal declaration of a dividend which they were entitled to be paid at will; that the $7,000 was paid to the defendant upon his demand made in good faith in the belief, shared in by the officers of the corporation, that he was entitled to be paid that sum and more out of the profits, and that at the time the corporation was insolvent although he believed it to be solvent.　It further appeared that after the corporation was adjudicated bankrupt the claim of these two incorporators was presented by their assignee and was disallowed by the referee in bankruptcy and, upon review, by the District Court of the United States on the ground that the amounts credited on the books of the corporation did not constitute a fixed liability of the corporation. *Held,* that

(1) The defendant was precluded by the judgment of the District Court from contending that the amount received by him was in part payment of a valid claim against the corporation;

(2) It was no objection that the former suit embraced more matter than the present, if the entire subject of the present controversy was included therein;

(3) The plaintiff was not barred from contending that the final order of the bankruptcy court became *res judicata* because the proceeding and judgment to which it relates were later in time than the commencement of the present suit;

(4) Both the defendant and the corporation might have considered that what had taken place was equivalent to an informal declaration of a dividend and as creating a liability of the corporation to him;

(5) In the circumstances the payment was voluntary and no question of fraud or unlawful preference being involved, the plaintiff could not recover;

(6) Judgment for the defendant properly was ordered.

CONTRACT by the trustee in bankruptcy of a Massachusetts corporation for $7,000 alleged to have been had and received by the defendant, a stockholder, to the use of the corporation. Writ dated July 7, 1916.

The action was referred to an auditor under an agreement that his findings of fact should be final. Material findings of the auditor are described in the opinion.

In the Superior Court the action was heard upon the auditor's report by *Bishop,* J., without a jury. The judge found the facts to be as stated by the auditor, ordered judgment to be entered for the defendant and reported the action for determination by this court.

*H. LeB. Sampson,* (*E. A. Howes, Jr.,* with him,) for the plaintiff.

*R. L. Sisk,* for the defendant.

JENNEY, J. This is an action for money had and received, instituted on July 7, 1916, by the trustee in bankruptcy of a Massachusetts corporation to recover money paid by it to one of its stockholders in 1914. The case was referred to an auditor under an agreement that his findings of fact should be final. Upon the facts so found — and hereinafter stated in substance — judgment was ordered for the defendant and the case was reported for the determination of this court.

The corporation was organized in 1902 with a paid up capital of $25,000 contributed by the defendant and by Charles F. Coburn in equal parts. The shares of stock were all owned by them except two which they caused to be issued to Patrick W. Tracy and Neil J. Tracy, who were the only other incorporators and who were in charge of the business. Lennox owned his stock until the corporation became bankrupt.

When the corporation was organized, the incorporators agreed with each other that Coburn and Lennox should be entitled for an undefined period to draw interest on their investment of $25,000 and upon any future investment, at six per cent per annum; that jointly they should also be entitled to $5,500 as their share of the profits the first year, and that thereafter the profits should be divided one third to Coburn and Lennox jointly and two thirds to the Tracys jointly. About the same time Coburn and Lennox agreed with each other that neither should withdraw any part of the profits to which this agreement pur-

ported to entitle them without the consent of the other while the corporation needed money — which it did so long as it continued in business.

The corporation at first was very successful and by April 30, 1907, nearly $40,000 had been credited on its books to Coburn and Lennox with the concurrence of all the directors and stockholders. At this time and even later, the corporation was solvent and had made large profits and the amounts credited represented the honest judgment of the directors and stockholders as to what could be credited to Coburn and Lennox under the agreement, without impairing the solvency or the capital of the corporation. In 1907, Neil J. Tracy withdrew and for all practical purposes it may be assumed that Patrick W. Tracy succeeded to his rights under the agreement; he acted thereafter as treasurer and practically exercised the entire control of the corporation and its business. No dividend was ever formally declared; in fact no corporate records were kept after the meeting at which the corporation was organized.

Coburn died in August, 1913. Early in 1914, Lennox was informed that Coburn in violation of his agreement with him had drawn $15,180 from the credits to Lennox and himself on the books. He demanded from Patrick W. Tracy an equal amount for himself, and Tracy, as acting treasurer and out of the corporate funds, paid to him in April, June and September, 1914, amounts aggregating $7,000. The auditor found that his act in making these payments was that of the corporation.

The corporation was adjudged bankrupt on November 15, 1915. The claims of Lennox and of the estate of Coburn were assigned to John L. Hannan, an attorney, who had no personal interest therein and who in all that he did acted solely in the behalf of the assignors and by their authority. Hannan filed in the bankruptcy proceedings a proof of claim to a large amount consisting of interest on the capital stock, $5,500 for the first year's profits, one third of all subsequent profits, all in accordance with the agreement made at the organization of the corporation, and interest on the amounts so determined, crediting thereon the payments that had been made to Lennox. This claim was amended so as to rely not only upon an agreement averred to have been made between the company, Lennox and the Tracys, but also

on the contention that these amounts were due as dividends on the stock of Coburn and Lennox or as money "loaned or advanced" by them, or partly on one ground and partly on one or both of the others. A hearing was had before a referee in bankruptcy; the plaintiff as trustee opposed the claim; the defendant testified and was represented by counsel; and the claim was disallowed on May 25, 1918. Hannan caused the order of disallowance to be reviewed by the District Court; on September 24, 1919, that tribunal affirmed the order of disallowance of the referee on the ground — which had been fully tried — that the credit to Coburn and Lennox on the corporate books of the various items did not constitute and was not understood by the parties to constitute a fixed liability of the corporation, stating "there was no intention to make them a debt of the corporation." No proceedings were taken for the purpose of reviewing this decision.

The plaintiff, having defeated the claim made through Hannan to prove the unpaid balance of the Coburn and Lennox account, then prosecuted his action against Lennox to recover the $7,000 which had been paid to him.

Across the threshold lies the question whether the defendant is precluded by the judgment of the District Court from contending that the amount received by him was in part payment of a valid claim against the corporation. As said by the auditor: "The question of law is, whether the decision of the District Court . . . conclusively established that the Coburn and Lennox account did not constitute an obligation of the corporation, so as to preclude the State courts in the present proceedings from deciding the contrary."

That decision was made in a proceeding where the validity of a claim against the assets of a bankrupt corporation was the fundamental issue. This claim was founded on an alleged indebtedness of the corporation to Lennox and Coburn arising as hereinbefore stated. Here the trustee seeks to establish the liability of the defendant, who was one of the parties beneficially interested in the proceeding to establish the indebtedness of the corporation and who had prosecuted it in the name of his attorney. The defendant resists on the ground that the money paid to him was in partial satisfaction of a then existing obligation of the corporation to Coburn and himself based on the same facts.

It is obvious that the issue actually tried and determined on its merits in the District Court is involved in this case and that the judgment in bankruptcy bars further consideration if the other elements necessary to constitute *res judicata* are present. That court had jurisdiction to decide the issue which was essential to the final determination of the controversy there pending. *Merriam* v. *Whittemore*, 5 Gray, 316. *Burlen* v. *Shannon*, 99 Mass. 200. *Morse* v. *Elms*, 131 Mass. 151. *Sly* v. *Hunt*, 159 Mass. 151. *Harrington* v. *Harrington*, 189 Mass. 281. *Chase* v. *Phillips*, 208 Mass. 245. *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566. *Dalton* v. *American Ammonia Co.* 231 Mass. 430. *Austin* v. *Austin*, 233 Mass. 528. *Southern Pacific Railroad* v. *United States*, 168 U. S. 1, 59.

It is no objection that the former suit embraced more matter than the present, if the entire subject of the present controversy was included therein. *Bigelow* v. *Winsor*, 1 Gray, 299. The defendant was privy to the proceedings in the bankruptcy court for they were begun for his benefit as one of the real parties in interest. He availed himself of the opportunity to be fully heard; he was directly concerned and affected not only in the result of the suit but in its subject matter, because it finally settled the fact that the bankrupt was not his debtor. The result of the proceedings was mutual in its effect. *Corbett* v. *Craven*, 193 Mass. 30. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow*, 203 Mass. 159, 211, 214. *Chase* v. *Phillips, supra. Weld* v. *Clarke*, 209 Mass. 9. Neither is the plaintiff barred from contending that the final order of the bankruptcy court became *res judicata* because the proceeding and judgment to which it relates were later in time than the commencement of the present suit. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow, supra*, at page 203. *Edwards* v. *Columbia Amusement Co.* 215 Mass. 125. *Foye* v. *Patch*, 132 Mass. 105. *Isam Mitchell Co. Inc.* v. *Rastok*, 241 Mass. 505.

A final adjudication as to the allowance in bankruptcy of a claim has been specifically decided to be *res judicata* if the other elements appear that are necessary in order to entitle it to that effect. *Rejall* v. *Greenhood*, 92 Fed. Rep. 945. *Ayres* v. *Cone*, 138 Fed. Rep. 778. *Hargadine-McKittrick Dry Goods Co.* v. *Hudson*, 122 Fed. Rep. 232. *In re Tiffany*, 147 Fed. Rep. 314.

*Handlan* v. *Walker*, 200 Fed. Rep. 566. *Clendening* v. *Red River Valley National Bank*, 12 N. D. 51. The case is not controlled by *International Trust Co.* v. *Myers*, 241 Mass. 509, which, following *Friend* v. *Talcott*, 228 U. S. 27, held that a determination in favor of a bankrupt that he was entitled to a general discharge did not under the bankruptcy act bar an action against him by a particular creditor, wherein the plaintiff contended that his claim was of such a character as to be exempt from the operation of the discharge on the ground that they were separate and distinct matters.

·: As the defendant is bound by the prior adjudication as to the invalidity of his claim against the corporation we are not called upon to decide whether that claim could have been maintained if no such determination had been made.

The defendant also urges that even though the corporation, as it has turned out, did not owe him the $7,000 which he has received, he demanded payment in good faith, that the moneys were paid him voluntarily and in the belief on his part that the corporation was solvent and that they, and much more, were justly his due; that the officers of the corporation also shared in his conviction as to the validity of his claim, and had full knowledge of all the facts. The auditor's findings establish the truth of the contentions. No question of preference is involved. The payments cannot be considered as gifts. The corporation, however, was insolvent when they were made.

The auditor also finds that the payments were not made for services rendered, and that "the crediting of profits and interest to Coburn and Lennox . . . was intended by all the stockholders and directors as an informal declaration of a dividend, which they were entitled to be paid at their will, one half to each." See *Wilder* v. *Tax Commissioner*, 234 Mass. 470, 474; *Barnes* v. *Spencer & Barnes Co.* 162 Mich. 509; *Breslin* v. *Fries-Breslin Co.* 41 Vroom, 274; *Thiry* v. *Banner Window Glass Co.* 81 W. Va. 39; *Scovill* v. *Thayer*, 105 U. S. 143, 153; *Spencer* v. *Lowe*, 198 Fed. Rep. 961; L. R. A. 1918 B 1051. Compare *Grant* v. *Ross*, 100 Ky. 44, *Williams* v. *Boice*, 11 Stew. 364, *Mills* v. *Hendershot*, 4 Rob. 258, *Davenport* v. *Lines*, 72 Conn. 118.

Inasmuch as an action lies to collect a dividend after it has been declared, both Lennox and the corporation might have con-

sidered that what had taken place was equivalent to an informal declaration of a dividend and as creating a liability of the corporation to him. *Spencer* v. *Lowe, supra.* "It was the declaration of the dividend which created both the dividend itself and the right of the stockholder to demand and receive it." *Boston Safe Deposit & Trust Co.* v. *Adams,* 219 Mass. 175, 177, and cases cited. *Lee* v. *Fisk,* 222 Mass. 418, 421. See *In re Mercantile Trading Co.* L. R. 4 Ch. 475.

It is true that the judgment in the bankruptcy court has negatived the validity of the action of the corporation as creating a debt by a declaration of dividend or otherwise. But the placing of the amounts now in controversy to the credit of Coburn and Lennox, purported to be a distribution of profits which had been actually earned, the capital was not impaired thereby, and the corporation was not then insolvent. There was no actual intent to defraud creditors, and the length of time after the payments were made and before proceedings in bankruptcy were instituted bars a recovery on the ground of preference.

In these circumstances, we are of opinion that the payment was voluntary and that the plaintiff cannot recover. *Rosenfeld* v. *Boston Mutual Life Ins. Co.* 222 Mass. 284.

Judgment for the defendant was properly ordered and now is to be entered.

*So ordered.*