CASE 3—RECOGNIZANCE—JUNE 5.

## Schneider vs. Commonwealth.

APPEAL FROM CAMPBELL CIRCUIT COURT.

Where a defendant in a criminal case appears in compliance with his recognizance, and gives new bail, his former bail is no longer liable.

The taking of a bond by a person who has no authority to take bail is an irregularity which is not cured by the 80*th section of the Criminal Code.*

The sheriff arresting a person by authority of his bail is not authorized to take new bail; he can only take bail when he has made the arrest under a warrant, or other process, in which it shall appear that the person is to be admitted to bail in a specified sum. (*Criminal Code, section 78.*)

Before the forfeiture of their bond the bail may surrender the defendant to the jailer, whose duty it will be to detain him in custody "as upon a commitment." (*Crim. Code, sec.* 81.) He may then be admitted to bail in the mode prescribed by *sections* 61 *and* 76 *of the Criminal Code.*

F. M. WEBSTER, for appellant, cited *Crim. Code, sections* 92, 81, 82; *Ib., title* 5, *chapter* 1.

A. J. JAMES, Attorney General, for Commonwealth, cited *Crim. Code, sections* 343, 92.

JUDGE BULLITT DELIVERED THE OPINION OF THE COURT:

In July 1855, one Magerhaus having been arrested upon a justice's warrant, charged with keeping a gaming table, the appellant became his surety in a bond for $600, to be void if Magerhaus should appear at the next December term of the Campbell circuit court to answer said charge, and not depart thence without leave of the court.

At said December term, Magerhaus appeared and became bound in a recognizance for $500, with one Pflander as his surety, to appear at the next term, and the cause was continued. In December, 1856, the sheriff arrested Magerhaus by directions of said Pflander, endorsed on a copy of said recognizance, and thereupon Magerhaus gave another bond, with the appellant and one Gries as his sureties, for $500, conditioned as prescribed by the *Criminal Code, section* 77.

In February, 1858, Magerhaus having failed to appear, his bail bond was forfeited, and it was ordered that a summons issue against his bail, and a judgment was rendered against the appellant for $600, from which he appealed.

The judgment must be reversed, if for no other reason, because the record does not show that the appellant was summoned.

If he had been summoned no judgment could properly have been given against him upon the bond for $600, as Magerhaus appeared in compliance therewith, and gave new bail.

Nor is the proceeding authorized by *section* 92 *of the Criminal Code* the proper mode of proceeding upon the bond for $500 executed by appellant and Gries. The taking of a bond by a person who has no authority to take bail is an irregularity which, in our opinion, is not cured by the 80*th section of the Criminal Code.* The sheriff arresting a person by authority of his bail has no more authority to take new bail than a private person making the arrest. The sheriff can only take bail when

he has made the arrest under a "warrant or other process, in which it shall appear that the person is to be admitted to bail in a specified sum." (*Criminal Code, section* 78.) Magerhaus should have been surrendered to the jailer, whose duty it would have been to detain him in custody "as upon a commitment." (*Ib., section* 81.) He might then have been admitted to bail in the mode prescribed by *sections* 61 *and* 76 *of the Criminal Code.*

It is clear that the appellant's bond taken by the sheriff is not a statutory bail bond. Whether or not it can be enforced as a common law bond, in a proper proceeding for that purpose, is a question not now before us, and upon which we express no opinion.

The judgment is reversed.