FREDERICK HAWKS vs. CHARLES HAWKS.

Franklin. Jan. 1. — June 27, 1878. COLT & AMES, JJ., absent.

If A. and B. buy a farm, and take a deed in which B. only is named as grantee, and B. afterwards sells the farm, he may, in an action for money had and received, brought against him by A., for one half the price received, set up in defence payments made by him on joint account, although the answer contains a general denial only.

CONTRACT. The declaration contained two counts. The first count was for money had and received to the plaintiff's use, with interest since July 1, 1868, according to the following bill of particulars:

> " July, 1868. Charles Hawks to Frederick Hawks, Dr.
>     To cash received from sale of one half farm in
>         Deerfield, after deducting mortgage thereon $2625
> Cr.  By amount received before that time            1000
>                                                     ————
>                                                     1625
>         Interest, 7 years, at 6 per cent.            683 "

The second count, alleged to be for the same cause of action, was as follows: " And the plaintiff further says that, previous to the year 1858, he and the defendant were each the owners, in common and undivided, of a certain farm in Deerfield, known as the Hawks Farm, and that the same was mortgaged for the sum of $1200; that it was agreed and understood by and between the plaintiff and the defendant that said premises should be sold, and that in pursuance of said understanding the said defendant did sell and convey (the plaintiff's deed of an undivided half being unrecorded, and the record title being in said defendant) the whole of said farm to sundry persons, for the sum of $5250 over and above said mortgage; that, after deducting the amount of $1000 which defendant had paid plaintiff, the remainder of one half of said sum was the money rightfully belonging to the plaintiff, namely, the sum of $1625; and the defendant never has paid the plaintiff any part thereof but has kept the same to his own use; and the defendant owes the plaintiff the said sum of $1625 and interest thereon since July 1, 1868." Answer: 1. A general denial; 2. Payment.

At the trial in the Superior Court, before *Putnam*, J., the plaintiff put in evidence tending to show that in 1844 the plaintiff and defendant bought of their father certain real estate, in consideration of their assuming his indebtedness; that in the deed the defendant only was named as grantee; that the defendant with his family occupied the real estate, cultivating the farm and furnishing a home for their father and mother, that the plaintiff worked at his trade in various places; that each contributed the whole avails of his labor with the income or profits of the farm towards the payment of the indebtedness, the money all passing through the hands of the defendant; that this arrangement continued until about 1853, after which time the plaintiff contributed nothing; that it was agreed between him and the defendant that their father and mother and an unmarried sister should have a home on the farm, and the defendant should manage the farm and have the income therefrom for the benefit of the family; and that in 1854 the defendant made, executed and delivered to the plaintiff a deed of an undivided half of the real estate remaining unsold, which was never recorded and was afterwards lost. There was also evidence of an admission by the defendant that the plaintiff was a joint owner with him of an undivided half of the estate.

It appeared in evidence that the defendant made sales of portions of the real estate from time to time up to the year 1853, and applied the proceeds in part satisfaction of claims against the father; that, at that time, the defendant informed the plaintiff (although the defendant denied it) that he need not contribute any more for the payment of the father's debts, as he then had money enough, with what claims he had due him, to pay all except the principal mortgages; and that the rest of the real estate was sold in 1868 by the defendant who then became, and since has continued to be, a resident of the State of New York, and the amount remaining unpaid on these mortgages was assumed by the purchaser; and that the defendant received in 1867 and 1868 from the sales of the rest of the real estate $5040 over and above all incumbrances then upon the property.

The defendant introduced evidence tending to show that in a statement of account between them as to the receipts and dis-

bursements growing out of the arrangement for the occupation and sale of the farm property as aforesaid, and down to 1867, there was a balance due to him upon such account, and contended that one half of this balance should be deducted, if proved, from said sum of $2520. But there was no evidence tending to show that he had made any payments for release of mortgages or otherwise, since the sale of the real estate in 1868, and the judge ruled that the state of the accounts comprised in the offer was immaterial.

The defendant asked the judge to instruct the jury that the plaintiff could recover only such balance, if any, as was equitably and justly due him on an adjustment of receipts and expenditures on account of the joint property; that the defendant was entitled to have deducted from the amount he has received all sums which he has paid on account of any and all mortgages upon the real estate; and all payments made on account of any and all claims assumed by the parties at the time the arrangement was entered into in 1844; and that the plaintiff could recover only for moneys received by the defendant in 1868.

The judge declined to give the instructions requested, but ruled that, upon the pleadings, the action was brought to recover one half the sum realized by the defendant from the sale of a farm in which he claimed a joint ownership of one undivided half with the defendant; that the action was not brought to recover any balance of general indebtedness between the parties; that the jury were first to determine, whether the plaintiff was a joint owner as he alleged; and that, if they were in doubt on this point, the plaintiff could not recover anything in this action, and their verdict must be for the defendant.

The judge also instructed the jury that, if they were satisfied that the plaintiff was the owner of one undivided half part of this farm at the time of the sale, he would be entitled to receive $2520, one half of the proceeds of it, less $1374, which the plaintiff admitted the defendant had paid him, and less any other sums which the defendant had paid the plaintiff on account of this sale, with interest on the balance from the date of the writ; and that the evidence as to the making and delivering of the deed and the previous and subsequent dealings of the parties were material in considering the question of joint ownership at the time of sale.

The jury returned a verdict for the plaintiff for $1228.13 ; and the defendant alleged exceptions.

*A. De Wolf*, for the defendant.

*C. C. Conant & B. S. Parker*, for the plaintiff.

SOULE, J. The two counts in the declaration are in substance the same. The detailed statement, in the second, of the transactions out of which the plaintiff contends that his right of action arose, is surplusage, being in the nature of a recital of evidence on which he would rely. Both counts are for money had and received by the defendant to the use of the plaintiff. *Woodbury* v. *Jones*, 3 Gray, 261. The defendant answered by a general denial and an allegation of payment. Under a general denial, all facts material to the establishment of the plaintiff's case were in issue. The allegation was that the defendant had received money under such circumstances that he was bound to pay it to the plaintiff. The general denial called on the plaintiff to prove, not only the receipt of the money by the defendant, but that he received it under circumstances which gave the plaintiff a right to recover it. The defendant was entitled, under his answer, to establish any facts which would disprove the plaintiff's case. It was open to him to show that he did not receive the money, and that, if he did receive it, he was under no obligation to pay it to the plaintiff. For this purpose he might prove that it was received in payment of a debt due him from the plaintiff, because this would show that he never had become a debtor to the plaintiff, which would directly sustain his denial. *Howard* v. *Hayward*, 16 Gray, 354.

There was evidence in the case which would have warranted the jury in finding that a part, at least, of the proceeds of the plaintiff's interest in the farm was received by the defendant in discharge of advances made by him in paying the consideration for the farm, in discharging incumbrances on it, and in selling parcels of land from time to time, and that these advances were made with the consent of the plaintiff, and with the understanding that the defendant was to manage the whole business after he conveyed the undivided half to the plaintiff, as he had done while he held the title in trust. The defendant asked for instructions which would have given him the benefit of the advances made by him, if any. We are of opinion that in refusing

to give them, and in excluding from the consideration of the jury all matters, not admitted by the plaintiff, except payments by the defendant on account of the final sale, the learned judge who tried the case erred, and that the defendant is entitled to a new trial.                                        *Exceptions sustained.*