## WILLIAM C. MANSON *vs.* GREENWOOD C. ARNOLD.

Suffolk.   March 7. — 26, 1879.   AMES & ENDICOTT, JJ., absent.

An answer to an action on an account annexed for use and occupation, which denies each and every allegation in the plaintiff's writ and declaration contained, puts in issue the matters alleged in the declaration.

If a declaration in set-off is seasonably filed in an inferior court, and is transmitted with the other papers in the case to the Superior Court on appeal, it need not be filed anew in the latter court in order to warrant the admission of evidence in support of it.

CONTRACT on an account annexed for use and occupation of a building.  Trial in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows:

The action was brought originally in the Municipal Court of Boston, and the declaration was duly filed with the entry of the writ.  The defendant appeared and answered orally, and afterwards filed in that court a declaration in set-off for more than the amount of the plaintiff's claim.  To the declaration in set-off, no answer in writing was filed by the plaintiff.  At the trial the set-off was disallowed, and judgment was entered for the plaintiff for the amount claimed.

The defendant appealed, and duly entered the appeal at January term 1878 of the Superior Court, and the papers filed in the Municipal Court were transferred to the files of the Superior Court.  On the return day of the term, the defendant appeared and filed the following answer: "And now comes the defendant, and, without waiving any of his rights under his motion to dismiss or plea to the jurisdiction, denies each and every allegation in the plaintiff's writ and declaration contained."  But the defendant did not file in the Superior Court a declaration in set-off.

The plaintiff asked the judge to rule: "1. That the defend-ant's answer was insufficient in form to join issue on an action on the common count for use and occupation, as declared on by the plaintiff. 2. That the defendant had filed no set-off to the plaintiff's claim in the Superior Court, and should not be allowed to present any evidence of the matters alleged in set-off until such set-off had been filed by him in that court." The judge refused so to rule, and admitted evidence under the defendant's answer and declaration in set-off. Afterwards, by order of the court, the plaintiff filed an answer to the declaration in set-off.

The jury returned a verdict for the defendant on his declaration in set-off; and the plaintiff alleged exceptions.

*C. T. Gallagher*, for the plaintiff.

*B. F. Briggs*, for the defendant.

GRAY, C. J. The answer filed in the Superior Court put in issue the matters alleged in the declaration. *Warren* v. *Ferdinand*, 9 Allen, 357. The declaration in set-off had been seasonably filed in the Municipal Court; St. 1870, *c.* 330, § 3; and, having been transmitted with the other papers in the case to the Superior Court on the appeal, was already on file in that court, and need not be filed there anew, in order to warrant the admission of evidence in support of it. Gen. Sts. *c.* 120, §§ 27, 28. Sts. 1862, *c.* 217, § 1; 1866, *c.* 279, § 2. *Wilbur* v. *Taber*, 9 Gray, 361. *Lew* v. *Lowell*, 6 Allen, 25. *Higby* v. *Upton*, 3 Met. 409, 411.                    *Exceptions overruled.*