JOHN TRUE *vs.* ELIZABETH DILLON.

Essex. Nov. 5, 1884. — Jan. 9, 1885. FIELD & C. ALLEN, JJ., absent.

In an action against the maker of a promissory note, payable to bearer, brought in a police court, the defendant filed in that court an answer, as follows: "The defendant denies that the note declared on by the plaintiff was ever signed by her, and denies that the signature to said note was ever made by her, or at her request or with her knowledge, and requests that the plaintiff may be compelled and obliged to prove the said signature to said note was made by her at the trial of said cause." In the Superior Court, on appeal, the defendant filed an answer containing a general denial only; and an additional answer, repeating such general denial, denying that the plaintiff was the bearer of the note, and further averring that, if any evidence should be offered tending to show that she signed said note, she would show that the note was obtained from her by false and fraudulent representations. *Held*, that the special denial of the genuineness of the signature to the note, and the demand for its proof, were in the form required by the Pub. Sts. c. 167, § 21; that the defendant was not required to file such special denial and demand anew in the Superior Court; and that it was necessary for the plaintiff to prove the genuineness of the signature to the note.

CONTRACT against the alleged maker of a promissory note, payable to bearer. Writ dated October 4, 1882, returnable to the Police Court of Lynn on the second Saturday of October, 1882, and entered in the Superior Court by appeal at the December term, 1882.

On October 26, 1882, the defendant filed in said police court the following answer: "And now comes the defendant in the above entitled action and denies that the note declared on by the plaintiff was ever signed by her, and denies that the signature to said note was ever made by her, or at her request or with her knowledge, and requests that the plaintiff may be compelled and obliged to prove the said signature to said note was made by her at the trial of said cause."

On May 25, 1883, the following answer was filed in the Superior Court: "And now comes the defendant and for answer says that she denies each and every allegation in the plaintiff's writ and declaration contained."

On January 10, 1884, the following answer was filed in the Superior Court: "And now comes the defendant in the above entitled action and denies each and every allegation in the plaintiff's writ and declaration contained, and denies that the plaintiff is the bearer of said note. And, further answering, the defendant says, if the plaintiff shall offer any evidence tending to show that she ever signed said note, then the defendant will show that said note was obtained from her by false and fraudulent representations, and without consideration, by one James E. Wiggin, and that said Wiggin is the present holder of said note, and that the plaintiff is not the holder."

At the trial in the Superior Court, the plaintiff offered the note in evidence, but did not introduce any evidence of the genuineness of the signature thereto.

*Blodgett*, J., ruled that it was necessary for the plaintiff to prove the genuineness of the signature, and ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*N. D. A. Clarke*, for the plaintiff.

*W. H. Lucie & H. F. Hurlburt*, for the defendant.

DEVENS, J. Rule 43 of the Superior Court requires that "a written answer shall be filed in this court, in all appeal cases, within thirty days after the entry of the appeal, unless the court shall otherwise order."

In the Superior Court, the defendant filed an answer denying each and every allegation in the plaintiff's writ and declaration, and an additional answer denying all such allegations, denying also that the plaintiff was the bearer of the note, and further averring that, if any evidence should be offered tending to show that she signed said note, she would then show that said note was obtained by false and fraudulent representations.

The Pub. Sts. *c.* 167, § 21, prescribe a rule of evidence and practice, rather than a rule of pleading. The production of a paper without evidence of its authenticity would not entitle the party producing it to put it in evidence. *Warner* v. *Brooks*, 14 Gray, 109. This section enacts that "signatures to written

instruments declared on or set forth as a cause of action, or as a ground of defence or set-off, shall be taken as admitted, unless the party sought to be charged thereby files in court, within the time allowed for an answer, a special denial of the genuineness thereof, and a demand that they shall be proved at the trial." Even if this special denial and demand could be incorporated with an answer, it is different from an answer properly so called, and contemplates that there is an answer to which it relates. It is a notice that, under the pleadings, the opposing party must not rely upon the production of the paper declared on or set forth, but must prove the signature thereto. The object of the statute being to save the party relying on a written instrument the trouble and expense of proving the signature thereof, the adverse party compels him to make that proof by assuming the responsibility of this special denial and demand.

However much the party defendant may change his answer, either by addition or substitution, the plaintiff, so long as this denial and demand are not withdrawn, cannot rely upon the rule of evidence which the statute has provided for his benefit. The defendant had pleaded orally in the lower court, as he might do, but had filed in writing the special denial and demand. When he filed a new answer in the Superior Court, this special denial was not withdrawn. Having been seasonably filed in the lower court, it was transmitted to the Superior Court, and was properly before it. Pub. Sts. *c.* 155, § 34. It did not require to be there again filed in order to deprive the plaintiff of the advantage he would have had in his proof, if it had not been filed. *Manson* v. *Arnold*, 126 Mass. 399. The case was without doubt to be tried in the Superior Court upon the issue there raised, but this special denial was directly germane to that issue, and to the evidence by which that issue was to be sustained. The special denial and demand were in the form required by the statute. We are therefore of opinion that the presiding judge rightly ruled that it was necessary for the plaintiff to offer evidence in order to prove the genuineness of the signature of the note.        *Exceptions overruled.*