ELECTRIC SUPPLY AND MAINTENANCE COMPANY *vs.* CONWAY ELECTRIC LIGHT AND POWER COMPANY.

Berkshire.  September 13, 1904. — October 17, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil,* Report of referee.  *Referee.  Contract,* Implied: common counts.

Where an action of contract on an account annexed for work and materials is sent by agreement of parties to a referee, under an order of court giving him power to decide finally all questions in the case, it is error to recommit his report on the ground that a part of his decision relates to a matter not included in the submission, merely because the matter referred to is not expressly mentioned in the account annexed, if the report tends to show that the matter in question was a part of the work and that the declaration might have been amended by including it in the description of the work in the account annexed.

CONTRACT on an account annexed for $439.76 alleged to be due for services and materials furnished in the repair of an electrical machine of the defendant.  Writ dated February 10, 1902.

In the Superior Court the case was referred to John C. Crosby, Esquire, as referee.  The order of reference was as follows: "The parties appear in court and agree to refer this case to the determination of John C. Crosby, Esq., who is approved by the

court here, who is to notify, meet and hear the parties, and make report, &c., on or before January 1, 1903.   The report of whom and the judgment of the court thereon to be final, and execution to issue accordingly.   And if either party shall neglect or refuse to appear before the referee after due notice given of the time place appointed for hearing the parties, the referee may proceed ex-parte."

Later the case came on to be heard before *Pierce*, J. upon a report of the referee in favor of the defendant.   On motion of the plaintiff the judge recommitted the report by the following order : " That said cause be recommitted to said referee to find what sum, if any, is due the plaintiff under said submission without deduction by reason of the matters relating to the tapering of the shaft."

In conformity with this order the referee filed a supplemental report, finding that without the deduction indicated the sum of $439.76 was due to the plaintiff.   On the plaintiff's motion the judge ordered that the supplemental report of the referee be confirmed, and that judgment be entered for the amount named, therein with interest from the date of the writ and costs of court. The defendant appealed, and also alleged exceptions.

*W. A. Davenport*, for the defendant.

*C. E. Burke* (*H. L. Dawes, Jr.*, with him,) for the plaintiff.

KNOWLTON, C. J.   This case is before us on the defendant's exception to an order of the Superior Court, recommitting a report of a referee, with directions to report, disregarding certain matters which he had considered and included in his decision of the case.   The original report was for the defendant; but the referee, in obedience to the order of recommittal and without hearing further evidence, made a supplemental report for the plaintiff.   It appears that the judge of the Superior Court has allowed a motion for confirmation of the supplemental report and for judgment, and the case is therefore ripe for hearing on the bill of exceptions.

The original rule of the court to the referee, gave him power to decide finally all questions in the case, both of law and fact. It is not contended by the plaintiff's counsel that it is open to him to attack the original findings of the referee so far as they were within his jurisdiction under the order of reference.   The

report did not refer any questions of law to the court for its decision. The following language of the court in *Gardner* v. *Boston*, 120 Mass. 266, is equally applicable to the present case : "The claim was submitted without restriction or condition to a tribunal selected by the parties. The judgment of that tribunal cannot be impeached for error in the application of the rules of law, unless there is something in the terms of the submission or in the award which expressly or impliedly subjects it to the revision of the court. There is nothing here to show an intention to refer to the court any question whatever. It is not enough that the grounds of the award are stated or the conclusions of law adopted by the arbitrators as applicable to the facts found." See *Fairchild* v. *Adams*, 11 Cush. 549 ; *Ellicott* v. *Coffin*, 106 Mass. 365.

The only ground on which the order of recommittal is sought to be justified, is that a part of the decision of the referee related to a matter which was not included in the submission. It becomes necessary, therefore, to consider his findings in this particular, in connection with the pleadings.

The suit is an action of contract upon an account annexed, made up for the most part of items for labor and materials furnished in repairing a machine for generating electricity. The answer, among other things, avers in substance that the persons who performed the work were not competent to do it properly, and that the work was done so improperly that it was worthless. The first item is "To rewinding generator armature and repairing fields and materials therefor, $345." The contract for doing this did not definitely fix a price, but only gave an estimate, and the charge was made at what the plaintiff called a reasonable price. One part of the electrical generator was a commutator, which was attached to the shaft and had a bearing upon it from twelve to fourteen inches in length. This shaft was tapering. One Phillips, the plaintiff's secretary and agent, contracted with the defendant to do the work. The referee found that he went to Conway, the defendant's place of business, and "took charge of this work and rewound the armature, repaired the fields, furnished all material therefor, finished the work and started the generator." While this work was in progress the commutator was sent away to another company which repaired it. "When

it was returned, and after the armature had been rewound and repaired, and the fields had been repaired by the plaintiff, the commutator was placed upon the shaft by Mr. Phillips with the assistance of others in his employ and under his direction." About a week afterwards one of the wires became disconnected, and Phillips was sent for and came to Conway and repaired it. From time to time afterwards the machine became out of repair, and other wires connected with the machine became broken, and expensive repairs upon it became necessary. The commutator worked loose because of the tapering form of the shaft, and this, according to the referee's findings, caused all the trouble. The commutator previously had worked properly upon the shaft, and afterwards, when the cause of the trouble had been discovered, it again worked properly. The referee found "that even if it was not the duty of the plaintiff's agent, Phillips, to repair the shaft, that it was his duty to know that the shaft was tapering and that the commutator might work loose." He also said in his report: " I find that it was the duty of Phillips, at least, to have called the attention of the defendant to its condition before starting the machinery in motion." He also found, that by reason of this neglect of Phillips, " the work which had been performed by the plaintiff in rewinding and repairing the generator and repairing the fields was made of no value to the defendant." He therefore found that the plaintiff was not entitled to recover for this and certain other items of the account, and that the items which were correctly charged had been paid for, and that the defendant was not indebted to the plaintiff.

The order recommitting the report directed the referee to find what sum was due the plaintiff under the submission, " without deduction by reason of the matters relating to the tapering of the shaft." Under this order the referee allowed these items in his supplemental report. The reason for the order, as stated in the motion on which the order was founded, was that these findings are " of a matter not in issue in said case, and of a matter not within said submission and not referred to said referee." We are of opinion that the record does not show this statement to be correct. If putting the commutator on the shaft was a part of the work for which the plaintiff seeks to recover, it is plain that negligence in not discovering the condi-

tion of the shaft, and in putting on the commutator in a way which would leave it liable to work loose, and in starting the machinery while it was in that improper condition, might be considered as a ground for the recoupment of damages. *Higby* v. *Upton*, 3 Met. 409. *Austin* v. *Foster*, 9 Pick. 341, 345. *Dodge* v. *Tileston*, 12 Pick. 328, 332. It does not appear that putting the commutator on the shaft and bringing the parts of the machine together were not a part of the plaintiff's work which is included in the first item for which it seeks to recover. We think the report tends strongly to show that they were a part of this work. It is true that they are not mentioned by name in the account; but if they were in fact a part of the work for which the $345 was charged, the declaration properly might have been amended as to the description of the work in the item. That item was undoubtedly intended to include all the work that the plaintiff did at that time, a part of which was putting the parts of the machine together and adjusting the commutator upon the shaft. The referee's finding is: "When the work was completed, the plaintiff had rewound the armature, repaired the generator and repaired the fields. The price charged for all this work by the plaintiff was $345 and is the first item in the plaintiff's account annexed." The other finding that Phillips and his workmen put the commutator upon the shaft, implies that it was a part of the repair of the generator which was charged for in this item. At least, we are of opinion that the referee's report and other parts of the record, failed to show that it was not. We cannot say that it was not one of the matters which were included in the submission. For these reasons, we are of opinion that the entry should be

*Exceptions sustained.*