Riley, J.
This action of contract is brought upon the following Declaration:
“And the Plaintiff says that it is the holder of a first mortgage of Fifty thousand dollars ($50,000) payable on demand given by Fred T. Ley and others, Trustees of Liberty Realty Trust, to it dated March 27, 1915 and recorded in Hampden County Registry of Deeds, Book 907, Page 482, on certain property situated on the northeast corner of Main and Liberty Streets in Springfield, Massachusetts, known and designated as Nos. 1779-1787 Main Street, which real estate has been owned by Clementine Y. Poirier, daughter of the defendant, and Mary Gr. Landry since October 17, 1927, that since January 1, 1933 and prior thereto the ■defendant has managed said real estate and collected the rents therefrom for said Clementine Y. Poirier and Mary Gr. Landry; that on the first day of January, 1933, said mortgage was in default by reason of non-payment of interest and taxes; that the Plaintiff communicated with said Defendant and informed her that unless such interest and taxes were paid the Plaintiff would be obliged to foreclose its mortgage; that on or about the fifteenth day of February, 1933, the Plaintiff was induced to forebear entry and foreclosure of its mortgage upon the assurance and agreement of the Defendant that the rents collected by her from said real estate subsequent to that date would be paid by her to the Plaintiff to be applied on said mortgage and that as a result of this assuraneé and agreement the Plaintiff made no entry upon the property at that time and did not then commence foreclosure of its mortgage; that subsequent to said fifteenth day of February the De *56 fendant collected rents from said real estate amounting to Five hundred forty-one dollars and fifty cents ($541.50) but without regard to her agreement retained the same and did not pay them to the Plaintiff, all contrary to her agreement and to the great detriment and damage of the Plaintiff.
“Wherefore the Plaintiff says that the Defendant owes it said sum of Five hundred forty-one dollars and fifty cents with interest thereon.”
The defendant’s answer is a general denial, Statute of Fráuds, agency and lack of consideration.
It is recited in the Report that it is an action of contract in which the plaintiff seeks to recover damages from the defendant for breach of contract. However, notwithstanding the detailed statement of the transactions out of which the plaintiff contends that its right of action arose, it is in legal effect an action for money had and received. See for example the second count of the Declaration in Hawks vs. Hawks, 124 Mass. 457, 460. Also Woodbury vs. Jones, 3 Gray 261. Such an action may in general be maintained whenever one has money in his hands belonging to another which in equity and good conscience he ought to pay over to the other. Sherman vs. Werby, 280 Mass. 157, 160 and cases cited. It lies even if the money sought to be recovered comes into the hands of a defendant under a contract, even one in writing or under seal. Briggs vs. DePeiffer, 214 Mass. 52, 58. It may even be maintained where no money has actually passed but something has been received as a credit which is the equivalent of money. Bianconi vs. Crowley, 256 Mass. 187, 190.
At the trial there was evidence tending to show that the plaintiff was the holder of a first mortgage on certain real estate in Springfield, Massachusetts, the record title to which stood in Clementine V. Poirier, daughter of the defendant, and Mary G. Landry; that the property was lo *57 cated on a business street and occupied by several tenants wbo paid tbeir rent on a monthly basis; that the defendant collected the rents for said Clementine V. Poirier and Mary Gr. Landry and paid the taxes, operating expenses, interest on the mortgage and managed generally the premises; that the defendant had so managed the premises for several years prior to January 1, 1933; that in 1932 the defendant, for the purpose of paying taxes and other expenses on the premises, loaned some $1600.00 of her own money to the record owners of the property; that beginning with the year 1929 the defendant took over the management of the real estate, paying the interest on the mortgage and discussing with the plaintiff’s representative the handling of the property in relation to its rentals, the payment of taxes, operating expenses and other matters pertaining to its financial handling; that after 1929 the defendant was the only person with whom the plaintiff transacted business in reference to the real estate and that at no time did Clementine Y. Poirier or Mary Gr. Landry do business or discuss with the plaintiff the handling of the mortgage upon the real estate; that the interest payment due on the mortgage in July, 1932 was not paid on time; that the defendant talked with the representative of the plaintiff' concerning the payment of the interest in installments and such interest payment was completed in September, 1932; that on January 1, 1933 another interest installment was due and that several demands for the same were made of the defendant by the representative of the plaintiff; that on February 2, 1933 the defendant wrote a letter to the plaintiff to the effect that the tenants on the premises were slow in paying the rents, that it would take almost as long to pay the January interest as it had the July interest and that she, the defendant, would give the plaintiff a check in a couple of weeks; that on or about *58 February 15th the defendant did come to the plaintiff’s place of business and brought in a.statement showing the collection of rents and expenditures of the same for the year 1932 and also the rents collected for January and February, 1933, together with the expenditures made for January, 1933; that the statement showed that payments had been made to the defendant on account of the loan that she had extended to pay the 1931 taxes on the property; that a representative of the plaintiff talked with the defendant in reference to the re-payment of the loan to herself and told the defendant that the interest payments due on the plaintiff’s mortgage should be made before any re-payments were made on any other loans and that since no payment had been made toward the January interest on the plaintiff’s mortgage it would foreclose this mortgage; that the defendant then told the representative of the plaintiff that if it would not foreclose its mortgage, the defendant would turn over to the plaintiff any rent she would collect on the premises until the interest was paid; that the representative of the plaintiff said to the defendant that if she would so turn over the future rents the plaintiff would agree not to foreclose and that the defendant thereupon said she would collect the rents and turn them over to the plaintiff; that a representative of the plaintiff communicated with the defendant again about the first of March, inquiring about the delay in payment of the interest and after some subsequent correspondence the defendant came to the plaintiff’s place of business on the 20th of March and showed the representative of the plaintiff a statement of the rents collected in the months of March and April which showed that these rents had been applied in part by the defendant to reduce her own account for money she had spent to pay the 1931 taxes on the premises; that the representative of the *59 plaintiff told the defendant that she had not lived np to her agreement and npon the same date the plaintiff made an entry upon the mortgaged premises for the purpose of foreclosing its mortgage.
The plaintiff duly made the following Bequests for Bulings:
“6. The evidence warrants a finding that the defendant personally undertook to aid the plaintiff in securing certain moneys in return for the plaintiff’s refraining from exercising a legal right.
7. On all the evidence the plaintiff is entitled to recover from the defendant such moneys as it lost by reason of the defendant inducing it to refrain from exercising a legal right. ’ ’
The court found for the defendant and denied the foregoing Bequests for Bulings with the following statement:
‘£ The Court finds that the defendant undertook for good consideration to pay over certain monies to plaintiff and failed to do so although plaintiff carried out its part of the agreement, but the Court finds that the defendant was acting at all times solely as agent of one Landry and one Clementine Poirier, the owners of said real estate and that there is not sufficient evidence to warrant a finding that defendant either expressly or by implication bound herself personally.”
The correctness of his rulings' and finding was reported by the trial judge for the determination of the Appellate Division. See LaCaisse Populaire Credit Union vs. Cross, Mass. A S. (1936) 201, 202.
It is settled that an agent may bind himself personally even when dealing with property of his principal. Zilli vs. Rome, 240 Mass. 368, 371. The rule is well stated in Worthington vs. Cowles, 112 Mass. 30 at 31, as follows: “An agent may deal so as to bind himself personally; it is always a question of the intention and understanding of the parties.” *60 As pointed out above, this is not an action for a breach of contract based upon the defendant’s failure to collect and pay over to the plaintiff the money which belonged to the defendant’s principal. It is an action to recover the money which the defendant has so collected and appropriated to her own use or credit in violation of her personal agTeement with the plaintiff. Ordinarily a third person is not interested in the misapplication of funds collected by an agent for his principal even though such third person may suffer damage by such misapplication. It is only when there has been some binding personal agreement between the agent and such third person in reference to moneys collected by the agent or some fiduciary relation has come about between them, that the third person has any right of action against the agent. A. L. I. Restatement of the Law of Agency S342.
The plaintiff has argued that the defendant is liable to it by reason of applying the money collected to her own account without authorization from her principal to do this. However, in this Commonwealth a party cannot maintain an action of contract against an agent to recover damages suffered by reason of an unauthorized contract of an agent, but must pursue his remedy in an action of tort. Mendelsohn vs. Holton, 253 Mass. 362, 367. The evidence shows that the defendant had previously, when her principals were in default in payment of their mortgage interest to the plaintiff, collected the rents and applied them in part to her personal obligation against her principals, that this fact was brought to the attention of the plaintiff and it criticized the procedure and proposed to foreclose its mortgage, and that, thereafter, upon the distinct agreement that no such application of the rents to the defendant’s account would thereafter be made, the plaintiff consented to accept the overdue interest in installments from the rents collected by *61 the defendant and to forebear foreclosing its mortgage. Unquestionably, therefore, the evidence warranted a finding that the defendant personally undertook to aid the plaintiff in securing certain moneys in return for the plaintiff’s refraining from exercising a legal right. There was, therefore, error on the part of the trial judge in refusing the plaintiff’s sixth Request for Ruling (See Bresnick vs. Heath, A. S. (1935) 2297) unless he found facts contrary to those assumed in the plaintiff’s request.
His statement of finding shows that he found the agreement was made as the plaintiff claimed but found that the defendant was acting at all times solely as agent of her principals, and “that there is not sufficient evidence to warrant a finding that the defendant either expressly or by implication bound herself personally.” The Beport states that all the evidence is reported. There is no evidence that the defendant’s principals knew anything about the collection of the rents by the defendant and her appropriating them to her own account or that they had ever authorized such procedure. In respect to the payment of the mortgage interest or the application of the rents thereto, the plaintiff had never been consulted by the defendant’s principals. Consequently, the only inference that can be drawn from the evidence as to whether the defendant was acting personally or on behalf of her principals is the one that must be drawn solely from the relation of principal and agent between the parties. From this alone we do not feel that the statement of the trial judge that there is not sufficient evidence to warrant a finding that the defendant either expressly or by implication bound herself personally, was justified upon the record as a finding of fact which can adequately control his refusal to grant the plaintiff’s sixth Bequest. '
*62 The plaintiff may have been acting as agent when she made the agreement to collect the rents and apply them in payment of the mortgage interest, but how can it be said that she was acting as an agent and not personally, when she, without consulting the principals, retained the rents collected and applied them to her own account. An agent cannot, without the knowledge and assent of his principal, attempt to act in his own interest in a matter which he is undertaking to promote ostensibly for the benefit of his principal. Dzuris vs. Pierce, 216 Mass. 132, 136. It seems to us that the /payment of the money to herself under the circumstances negatives any possible inference that in the payment or keeping of this money she was acting as agent and not for her own personal benefit.
As before observed this is not-an action for a breach of contract for failing to perform the agreement between the plaintiff and the defendant; neither is it an action to recover money which the defendant has collected and turned over to her principals in violation of her agreement with the plaintiff; but it is an action to recover money which the defendant has appropriated to her own use or credit in violation of her express agreement, for a consideration inuring to her benefit, not to do so but to pay it over to the plaintiff. Foreclosure of the plaintiff’s mortgage would have been a detriment to the defendant as well as to her principals, particularly in view of the fact that she had previously been re-imbursing herself for the loan made to them out of the rents of the property. In equity and good conscience this money which she collected after her agreement with the plaintiff, belonged to the plaintiff bank. It was a breach of faith to apply it on her own account.
As the judge has reported the correctness of his finding, we feel compelled to rule that his finding for the defendant *63 was not warranted upon the evidence reported and that the plaintiff is entitled to a finding in its favor.
•However, the seventh Request does not accurately set out the measure of damages which the plaintiff can recover in this action. It is not entitled to recover the money that it lost by reason of the defendant inducing it to refrain from foreclosing its mortgage but it is entitled to recover the amount of money which the defendant collected and appropriated to her own use or credit after her agreement with the plaintiff. See Lothrop Theatres Co. vs. Edison Electric Illuminating Co., Mass. A. S. (1935) 907, 912. While the Declaration sets out a certain sum of money.which the plaintiff claims to be due it, there is no evidence in the Report as to the amounts of money the defendant collected and no finding of the court in respect to it. Therefore, we cannot order judgment to be entered for the plaintiff and the case must be remitted to the trial court for the determination of the amount, if any, which the defendant collected from the rents and applied to her own use or credit after the agreement which the court has found that she made.
A new trial is therefore ordered to be limited solely to damages to be assessed in accordance with this Opinion.