*Western District*

## THE TARBELL-WATTERS COMPANY
### v.
### GEORGE LEWIS

*Present:* Riley, P. J., Hobson and Alberti, JJ.

Case tried to *Noonan, J.,* in the District Court of Springfield.

*Alberti, J.* This is an action in contract to recover for a balance on account annexed. The answer is a general denial.

The court found for the plaintiff.

On direct examination, the witness, Lewis, for the defendant, was asked the question, "What work did the plaintiff have to do with the rebuilding of the engine?"

This question was excluded and the defendant saved his rights by requesting that the ruling be reported. Further questioning to attempt to show improper repairs by the plaintiff was excluded by the trial judge under a general denial. The questions themselves were not reported.

The only question presented by the report was as to whether or not the trial court erred in excluding the quoted question. As to what exactly the "further questioning to attempt to show improper repairs by the Plaintiff were excluded by the presiding Justice as in-

admissible under a general denial" consisted of is not reported, and therefore need not be considered.

The pertinent sections of Chapter 231 of the General Laws, dealing with pleadings, are §§25, 26, 28, and 38.

A general denial waives defenses which are pleadable in avoidance, and puts in issue all facts necessary to be proven. *McRae v. NY, NH & H. RR.,* 199 Mass. 418; *Hill v. Crompton,* 119 Mass. 376; *Hawks v. Hawks,* 124 Mass. 457, 460; *Monson v. Arnold,* 126 Mass. 399 (Account Annexed); *Marvin v. Mandell,* 125 Mass. 562 (Money had and received).

Section 26 — dealing with answers to common counts, and on an account annexed, states in part

"If the defendant denies that an item is due or payable, or that he owes the plaintiff as alleged, he shall state all the substantive grounds on which he intends to rest such denial, and shall specify whether the whole or a part of such item or demand is denied, and if a part only is denied, he shall specify such part."

And a general denial of indebtedness is not sufficient. The answer must state the specific ground of denial. *Granger v. Ilsley,* 2 Gray 521, 523 (Account Annexed):

" '. . . in answering the common counts and the count on an account annexed, the defendant shall answer every item specifically; and if he shall deny that any item is due or payable, or that he owes the plaintiff as alleged, he shall state all the substantive grounds on which he intends to rest such denial.' This language is very explicit, and admits of

only one construction. A general denial of indebtment, or a denial that a particular sum is due, is insufficient. The answer must go further, and state the specific ground of denial, so that the case may be brought at once to a precise and distinct issue of fact on each item or class of items. If, for instance, the ground of defence is that an article was never delivered, or that it was sold contrary to law, or if any defence is intended which goes to show that the transaction was illegal or void in its inception, it must be specified in the answer, in the manner as release, accord and satisfaction, infancy, or any other defence in its nature matter of discharge or avoidance."

See to the same effect *Van Buren v. Swan,* 4 Allen 380. The answer should set forth each substantive fact relied on. *Slocum v. Riley,* 145 Mass. 370, 372; *First National Bank v. Mathey,* 308 Mass. 108.

In an action on an account annexed, a general denial puts in issue plaintiff's failure to perform the contract. "No claim by way of recoupment is necessary to enable the defendant to contend that, because of the plaintiff's lack of skill or care, the service was worth little or nothing." *Sayles v. Quinn,* 196 Mass. 492, 494; *Beverly Hospital v. Early,* 292 Mass. 201, 203.

The account annexed declared on was as follows:

| Jan. 18, 1954 | Automotive Supplies | agreed price | $111.96 |
| Mar. 17, 1954 | " | " | 12.00 |
| A Total Of | | | $123.96 |

The declaration was for a fixed price. In

such circumstances a general denial puts in issue the making of the agreement for the price alleged, and if a defendant alleges unskillfulness or improper performance, he should plead it specially. *Sayles v. Quinn,* 196 Mass. 492, 495.

Assuming that the quoted question was admissible and should in fact have been allowed, we would then be confronted with the question of whether the trial court would have erred in its refusal to admit it.

A bald question was put. It was excluded. There was no offer of proof, and nothing is contained in the record to show what improper repair or work was done by the plaintiff.

An offering party, in direct examination, "if he wishes to save his rights must take steps designed to put on record what he was trying to get in, and he does this by a so-called offer of proof. The offer of proof is necessary because in many cases the question asked of a witness does not indicate the answer expected, and hence the question alone may not indicate its relevancy or competency." *Mottla, Massachusetts Practice — Civil,* §408, pp. 211-12; *Hathaway v. Tinkham,* 148 Mass. 85, 87; *Honsucle v. Ruffin,* 172 Mass. 420, 422; *Raymond v. Stone,* 246 Mass. 421, 424.

We find no error in the Trial Court's refusal to admit the question.

*Bacon, Weltman & Cohen,* of Springfield for the Plaintiff.

*Lawrence D. Friedman,* of Springfield for the Defendant.