*Municipal Court of the City of Boston*
No. 110972
**R. A. BUCCELLA & SONS, INC.**
**v.**
**LEWIS LYMAN AND TRUSTEE**
(October 9—October 21, 1964)

*Present*: Adlow, C. J., Shamon & Morrissey, JJ.

Case tried to *Canavan, J.*

*Adlow, C. J.* Action of contract to recover on what purports to be a guaranty of an outstanding obligation.

In substance the agreement provides that if the Dorchester Bay Realty, Inc. is (1) adjudicated bankrupt, or (2) executes an assignment for the benefit of creditors, or (3) or is subjected to real property foreclosure proceedings, or (4) or is unable to pay a balance up to $8,000 which it owes to R. A. Buccella & Sons, Inc., after a 60 day demand, then Lewis Lyman and Carmen Ando become liable for the payment of said $8,000 under terms and conditions not here material.

*At the trial there was evidence that* demand was made in accordance with the terms of the contract, and that only $3200 was paid in accordance with its terms. After the evi-

dence was closed the court on its own motion and over the objection of the defendant, reopened the case to hear further evidence. At this hearing the plaintiff introduced evidence of an adjudication of bankruptcy of the Dorchester Bay Realty, Inc. There was a finding for the plaintiff in the amount of $4800, and the defendants being aggrieved by the action of the court in reopening the proceedings to receive further evidence brings this report.

There was no error. Whether a judge may reopen a proceeding to hear further evidence is a matter resting entirely in his discretion. *Kerr v. Palmeri,* 325 Mass. 554, 557 and collected cases. In the cause under review the question becomes entirely academic in view of the fact that the obligors under the guarantee agreed to become liable on the happening of any one of four contingencies. One of these was a default after notice and demand. It is clear from the report that this happened. The happening of the other contingency—i.e., that the Dorchester Bay Realty, Inc. become bankrupt, merely added another basis for establishing liability in the defendants. Whether they became bankrupt or not was of no consequence in view of the default with respect to the other condition.

It is apparent from the report that the defendants had notice of the reopening of the case and were in court. To this extent they were not prejudiced or harmed. So far as the report indicates, their position was in

no manner changed by the reopening of the case. We see no prejudicial error. *Report dismissed.*

Alan Berman, of Boston, for the Plaintiff.

S. David Meyers, of Boston, for the Defendant.