*Municipal Court of the City of Boston*

No. T-16329

## CHESTER J. HAYWARD

v.

## WILLIAM L. BERGER, et al

Argued: Nov. 22, 1968   Decided: Dec. 6, 1968

*Present:* Adlow, C.J. Lewiton, Morrissey, JJ.

Case tried to *Gillen, J.* in the Municipal Court of Boston No. T-16329

*Morrissey, J. This is an action by a real estate broker* for a commission alleged to have been earned by him by reason of his having procured for the defendant, a customer ready, willing and able to purchase certain property on the terms specified by the defendant. The answer filed by the defendant contained an allegation that the plaintiff was not duly licensed by the Commonwealth as a real estate broker at the time he rendered the service for which his suit was brought, and that he could not recover therefore, by reason of the prohibition contained in Mass. G.L., c. 112, § 87 RR.

There was a finding by the trial judge against the defendant, Stephen C. Berger, and in favor of the defendant, William L. Berger.

The case comes before us on a claim by the defendant, Stephen C. Berger, that he was aggrieved by the denial of certain requests for rulings which were filed by him at the close of the evidence. None of the requested rulings pertained to the license status of the plaintiff at the times material to his claim. However, at the argument before this Appellate Division, the license issue was raised by the defendant on the theory that the plaintiff was seeking to recover for illegal conduct on his part (acting as a real estate broker without being duly li-

censed) and that this was a defense which could be raised at any stage of the proceedings.

The report before us indicates that the plaintiff exhibited at the trial a then-current broker's license, and testified that he was similarly licensed at all material times prior thereto. There is nothing in the report to indicate that this testimony was objected to or that more formal proof was demanded at the time of the trial. On the other hand, it was suggested in the course of the argument before us that the fact as to the plaintiff's being licensed at the time of this transaction could readily have been established, if desired, from the official records of the Board of Registration of Real Estate Brokers (Mass. G.L., c. 112, § 87 R.R.). Since the report does not indicate that such proof was demanded or required at the trial, and since the question of license was not specifically raised in the report before us, we feel that justice will best be served by our re-committing the case to the trial judge for the sole purpose of receiving additional evidence concerning the license status of the plaintiff at the time of the transactions involved in this case, and for a finding to be made by the trial judge on that issue. **So ordered.**

HARRY MANDELSTAM of Boston
    for the Plaintiff.
LOUIS KOBRIN of Boston
    for the Defendant.