*Northern District*
No. 8034
**A. F. REAGAN REALTY CO., INC.**
v.
**HENRY W. MC MURTRAY ET AL**
Argued: June 14, 1973 - Decided: Feb. 27, 1974

Case tried to *Mason, J.* in the District Court of Natick, No. 15445.

*Present:* Cowdrey, P.J., Bacigalupo, Forte, JJ.

**Forte, J.** This is an action of contract in which the plaintiff seeks to recover a real estate broker's commission in two counts; Count I on an express contract and Count II in *quantum meruit*. The answer is a general denial, impossibility of performance, a novation, payment, agreement for sale of land not in writing, and waiver.

To quote the report:

"At the trial on June 14, 1972, there was evidence, among other evidence on matters not related to the questions presented in this report, tending to show: That the defendants executed written agreement with plaintiff agreeing to pay plaintiff six per cent of sale price for prospective purchaser acceptable to defendants and the male defendant accepted in writing an Offer to Purchase from a customer produced by the plaintiff on June 5, 1971 and the defendants received $1000.00 deposit made by customer in connection with said offer; that nothing has been paid to the plaintiff for its commission and that the sale produced by plaintiff was for $42,000.00; that the male defendant did not feel he owed the plaintiff anything and had rejected effort by plaintiff, prior to suit, to obtain a certain amount.

"At the trial, when both parties had rested, at that time no evidence was introduced as to whether or not the plaintiff was a licensed real estate broker. The following questions were put to William Fredericks, broker associated with plaintiff and salesman in the sale as a result of which this suit was brought, was recalled by plaintiff for further direct examination, in rebuttal, and in each case the court sustained objection of defendant to each question, to which ruling the

plaintiff saved rights in claiming a report, as follows:

> Q. Are you a licensed real estate broker?
> Q. To your knowledge, is A. F. Regan Realty Co., Inc. a licensed real estate broker at all times material to this case?"

At the trial, prior to closing arguments, the plaintiff and defendant submitted requests for rulings. Defendant's request #10 was:

"That there was no evidence before the court that the plaintiff was a licensed real estate broker in the Commonwealth of Massachusetts."

The plaintiff's requests for rulings were not reported.

On June 16, 1972 the plaintiff filed a "Motion for Rehearing to Introduce Further Evidence", requesting the re-opening of the evidence "for the purpose of introducing further evidence as to whether the plaintiff was a licensed real estate broker", and a "Motion for a New Trial"; said motions are part of the report.

Hearings were held on these motions on June 21, 1972. The motion for rehearing was denied and the motion for a new trial was declared to be not seasonably before the court.

On June 24, 1972 the plaintiff filed his claim of report to the denial of his motion for rehearing.

On June 21, 1972 the court filed its rulings to wit: allowed defendants request #10 and in regard to plaintiff's requests, wrote: "I decline to act in view of allowance of defendant's request for ruling No. 10." In addition to the court finding for the defendant, the court filed the following special findings:

"The plaintiff alleges that it is a licensed real estate broker and brings this action for a broker's commission. The defendant's answer of a general denial made it incumbent upon the plaintiff to prove every element of its case. *Herman* v. *Fine*, 314 Mass. 67, 69.

"It is a prerequisite to the plaintiff's recovery that it have been a duly licensed broker at the time such services were performed. There was no evidence introduced that the plaintiff corporation was licensed to act as a real estate broker. *Albert-Hopkins Corp.* v. *Caputo*, 357 Mass. 765.

"I find that the plaintiff has not established a prima facie case by its failure to prove that it was duly licensed under G.L. c. 112, § 87 RR."

Notices were not sent out by the clerk's office of the justice's rulings and finding until July 5, 1972.

Although the report states that on July 11, 1972, the plaintiff filed a "Motion for a New Trial", the docket entries indicate no such filing occurred.

A hearing was held on the original motion for a new trial on July 18, 1972 at which time the plaintiff submitted a Record of Standing indicating that a real estate broker's license had been issued to the plaintiff on January 1, 1963 and was still in effect. The Record of Standing, dated June 15, 1972, was issued by the Board of Registration of Real Estate Brokers, Commonwealth of Massachusetts.

On July 20, 1972 the court denied the motion for new trial with the following findings:

1. The motion was filed prior to the finding by the court and does not comply with G.L. c. 231, § 129 and Rule 26 of the Rules of the District Courts (1972).

2. The newly discovered evidence is a Record of Standing issued by the Board of Registration of Real Estate Brokers and salesmen of the Commonwealth of Massachusetts that was available to the plaintiff at the time of trial and is an attempt to introduce further evidence necessary to establish a prima facie case.

3. Allowance of the motion without the express limitation of paragraph 2 would require a new trial on all issues which were open on the first trial.

4. No mistake of law injuriously affecting the substantial rights of the moving party was presented other than a failure to introduce the Record of Standing and such other matters set forth in the plaintiff's Draft Report filed.

The report states it contains all the evidence material to the questions reported.

The plaintiff claims to be aggrieved by [a] the trial justice's excluding the reported questions to the plaintiff's witness on further direct in rebuttal, [b] the denial of its motion for Rehearing to Introduce Further Evidence, [c] the court's failure to rule on its Requests for Rulings, [d] the allowance of the defendant's Request #10 and [e] the denial of its Motion for a New Trial.

The defendant, by filing a Motion to Dismiss Appeal, raised the question of the timeliness of the plaintiff's filing claims of report and draft report alleging they were not filed in accordance with G.L. c. 231, § 108 and Rules 27 and 28 of the Rules of the District Court (1972). The motion was argued and the Appellate Division denied said motion on April 24, 1973 and when a motion was allowed to file copies of report and briefs late.

There was no error in excluding the two reported questions put to a witness by the plaintiff on direct examination in rebuttal. A claim of report to the exclusion of a question put on direct examination will not be sustained in the absence of an offer of proof. The reason is that without an offer of proof the excepting party has not shown that he was prejudiced by the ruling. *Smethurst* v. *Barton Square Church,* 148 Mass. 261, 267. *Ross* v. *Nourse,* 330 Mass. 666, 670. *Tarbell-Waters Company* v. *Lewis,* 17 Mass. App. Dec. 141.

An exception to the requirement of an offer of proof is "in cases where we have no real doubt what the party offering the testimony expected to prove, even though it is not distinctly stated." *Comm.* v. *Smith,* 163 Mass. 411, 429. *Coolidge* v. *Boston Elevated Ry.,* 214 Mass. 568, 571. Even if we consider the questions to be within the exception or if there had been an offer of proof of "yes", the questions were properly excluded.

Asking the witness, not the plaintiff, whether he was a licensed real estate broker is immaterial to the issue. The issue was whether the plaintiff, not the witness, was licensed.

The second question excluded related to the witness's knowledge on whether the plaintiff corporation was a duly licensed real estate broker. The witness's knowledge is immaterial and therefore was properly excluded. If this was an attempt to prove a real estate broker's license had been issued to the plaintiff corporation and was valid at the time of the alleged transaction, it was properly excluded as not being the best evidence. The best evidence of a real estate broker's license is the license itself or the records of the Board of Registration of Real Estate Brokers. See *Hayward* v. *Berger,* 43 Mass. App. Dec. 52; *Carbone, Inc.* v. *Kelly,* 289 Mass. 602.

There was no error in denying the plaintiff's motion for Rehearing to Introduce Further Evidence.

"It is within the discretionary power after hearing the parties to re-open the case for the admission of further evidence." *Short* v. *Farmer,* 260 Mass. 102, 104. *Morena* v. *Winston,* 194 Mass. 378. *A. Bucella & Sons, Inc.* v. *Lyman,* 30 Mass. App. Dec. 1.

"The motion of the plaintiff to be allowed to offer additional evidence after the hearing had been closed, but before the rendition of the decision, was addressed to the discretion of the trial judge and cannot be revised. The denial of the motion and the appeal from it presents no question of law. *Briggs* v. *Adams,* 220 Mass. 262." *Reynolds* v. *Missouri, Kansas & Texas Railway,* 224 Mass. 379, 387.

██ There was no error in allowing defendant's request #10. The defendant, by answering with a general denial, made it incumbent upon the plaintiff to prove every element of its case. *Herman* v. *Fine,* 314 Mass. 67; *Davis* v. *Travis,* 98 Mass. 222.

It is a prerequisite for the plaintiff's recovery for a broker's commission that it was a duly licensed real estate broker at the time services were performed. G.L. c. 112, § 87RR; *Albert-Hopkins Corp.* v. *Caputo,* 357 Mass. 765. Here there was no evidence introduced indicating the plaintiff was a duly licensed real estate broker.

██ There was no error in the trial justice's failure to rule on the plaintiff's request for rulings. Failure to act on requests for rulings

is considered a denial. *Stella* v. *Curtis,* 348 Mass. 458. "It is the obligation of a judge hearing a case without a jury to adopt correct rulings of law for his guidance . . . Upon proper requests he must state the rules so adopted by him in order that the right of review thereof may be preserved to the parties in the case." *Biggs* v. *Densmore,* 323 Mass. 106, 108. "He must pass upon pertinent requests in such a way as to make plain he has not fallen into error." *Stella* v. *Curtis,* ibid, at 461. However, when the judge by his special finding permissible on the evidence or by his rulings, clearly indicates that he did not base his general finding for the defendant upon erroneous law, it rendered rulings on the plaintiff's requests immaterial. *Perry* v. *Hanover,* 314 Mass. 167. Here, the trial judge did so clearly indicate by allowing the defendant's request #10.

Furthermore, because the report does not contain the plaintiff's request for rulings, we are unable to determine whether they were correct statements of law.

There was no error in the denial of the motion for a new trial. Although reference was made that the motion did not comply with G.L. c. 231, § 129, said § 129 does not apply to District Courts, G.L. c. 231, § 141; *Bartley* v. *Phillips,* 317 Mass. 35; *Nerbonne* v. *New England Steamship,* 288 Mass. 508. G.L. c. 218, § 43 authorizes the Chief Justice of the District Court to make and promulgate rules for,

inter alia, new trials. Pursuant to this authority, Rule 26 of the District Courts (1965) was promulgated and the pertinent part reads as follows:

> "A new trial may be granted on motion at any time before final judgment, for newly discovered evidence, or for mistake of law injuriously affecting the substantial rights of the moving party."

Therefore, the motion for a new trial was seasonably filed and was properly before the court.

The first ground advanced by the plaintiff for a new trial is newly discovered evidence. The trial judge found that the proposed new evidence "was available to the plaintiff at the time of the trial", and in fact the document itself, although dated the day after trial, indicates that it is a record of standing of the plaintiff as a licensed real estate broker since January 1, 1963 — more than eight years prior to the trial. "Evidence which could reasonably have been discovered by proper diligence is not newly discovered." *Nicholas* v. *Lewis Furniture,* 292 Mass. 500, 505; *Berggren* v. *Mutual Life Ins. Co.,* 231 Mass. 173.

The second and final ground advanced by the plaintiff for a new trial is "mistakes of law injuriously affecting the substantial rights of the moving party.

The errors of law relied upon by the plaintiff are: excluding the two questions put to a

witness on direct examination in rebuttal, denying the plaintiff's motion for rehearing to introduce further evidence, declining to act upon the plaintiff's request for rulings, and the allowance of the defendant's request #10. Each of these has been discussed above in this opinion and in each case we have found no error of law. The trial judge correctly ruled on the motion for a new trial that "no mistake of law injuriously affecting substantial rights of the moving party was presented other than a failure to introduce the record of standing ..."

The law is well settled that whether or not a new trial shall be granted rests in the sound discretion of the presiding judge, and that his decision will not be overturned by an appellate court unless an abuse of discretion appears or the refusal will result in a manifest injustice. *Nicholas* v. *Lewis Furniture Co.*, 292 Mass. 500; *Madden* v. *Boston Elevated Ry.*, 284 Mass. 490. "It has been said that the fundamental test is that such motions ought not to be granted unless on a survey of the whole case it appears to the judge that otherwise a miscarriage of justice would result. *Nicholas* v. *Lewis Furniture Co.*, 292 Mass. 500 at 507; *Davis* v. *Boston Elevated Ry.*, 235 Mass. 482, 496. An abuse of discretion consists of judicial action 'that no conscientious judge, acting intelligently, could have honestly taken'. The exercise of discretion where discretion

exists, is not subject to appellate review on a report from a District Court or on exceptions. Only where a question ordinarily discretionary is so clear that discretion is superseded by imperative legal duty can the result be revised. The field of discretion of the trial judge in these matters is very broad. Only in rare instances can it be ruled that there has been an abuse of discretion amounting to an error of law." *Bartley* v. *Phillips,* 317 Mass. 35, 43; *Galotti* v. *U. S. Trust,* 335 Mass. 496.

Upon a review of the evidence contained and incorporated in the report, we are satisfied that the denial of the motion for a new trial was not an abuse of discretion amounting to an error of law.

When a party has been given an opportunity for a full and fair trial upon correct principles of law and a finding has been rendered, it is in the interest of the Commonwealth that there should be an end of litigation. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 496.

**Report dismissed.**

Leon M. Fox

Robert D. Abrams, both of Framingham
    for Plaintiff

Lee Romanow of Natick
    for Defendant