Dohoney, J.
This is an action of contract in which the plaintiff seeks to recover $8,701.50, plus interest as a result of goods sold and delivered. The defendant asserted a counterclaim based upon a breach of warranty and sought damages for expenses incurred and lost profits resulting from plaintiff’s alleged breach of warranty. The Court found for the plaintiff in the amount of $8,701.50 plus interest and costs. The defendant seasonably filed a Request for Report and Draft Report. The Draft Report was dismissed after a hearing for the reason that “no question of law is presented for consideration by the Appellate Division.”
The trial justice found that in 1976 the defendant was shown certain literature which contained certain language relative to warranty and limitation of warranty; that video tapes were then purchased by the defendant from the *126 plaintiff; that certain of these were defective and were replaced by the plaintiff; that on August 24,1977, a contract was executed between the parties which contained no reference to any warranty that subsequent orders for tapes were placed and received until May of 1978; that as of June 1,1978, the balance owed by the defendant to the plaintiff was $8,701.50; that the defendant failed to prove any additional tapes were defective; that defendant failed to prove establishment of damages.
The defendant filed numerous (30) Requests for Rulings of Law. At oral argument, he specifically directed our attention to Request No. 13 which reads as follows:
13. If the Court finds that the limitation of remedy contained in the written warranty only appears in descriptive documents, such as an owner’s manual, then the limitation must be signed by the parties if it is to be enforced. [Omni Flying Club, Inc. v. Cessna Aircraft Co., 366 Mass. 154, 315 N.E. 2d. 885 (1974)].
The defendant in his Draft Report claims to be aggrieved as follows:
1. The plaintiffs sales literature which contains a limitation of remedy provision controls the defendant’s remedy for breach of warranty and
2. The defendant failed by a fair preponderance of the evidence to prove damages.
The thrust of defendant’s position is that any limitation of warranty contained in the precontractral literature cannot be binding and is entitled to certain other damages. He also apparently asserts that there were instances of defective tapes other than those which were returned.
Unfortunately, the resolution of this case is procedurally grounded. The issue before us is whether the Draft Report presents any issue of law for decision by us. Our standard of review prevents us from reviewing questions of fact found by the trial justice where such findings were supported on any reasonable view of the evidence including all rational inferences of which it was susceptible. T.L. Edwards, Inc. v. Fields, 57 Mass. App. Dec. 22 (1975), affirmed 371 Mass. 895 (1976); Lawton v. Dracousis, 14 Mass. App. Ct. 164 (1982), further appellate review denied 387 Mass. 1103. The defendant does not claim that any factual findings of the trial justice are in error.
I. With respect to the tapes alleged to be defective which were not returned, the trial justice found that there were none. We are bound by his finding. Thus, the existence or lack of existence of any remedy for breach of warranty is immaterial since there was no breach of warranty.
II. As to the tapes found to be defective, the trial justice found that the defendant failed to prove damages. We are bound by this finding. Once again, the existence or lack of existence of any remedy for breach of warranty is immaterial since there were no damages.
In this instance, we have the benefit of special written findings of fact. Here they clearly indicated the basis for the action of the trial justice. His decision was not based upon any erroneous view of the law. Thus the Request for Rulings and his dealing with them became immaterial. A.F. Regan Realty Co., Inc. v. McMurtray, 54 Mass. App. Dec. 14 (1974).Therefore, the defendant is not “aggrieved by any ruling on a matter of law” as required by General Laws, Chapter 231, § 108 and there is “no real question of law”. See Henry L. Sawyer Co. v. Boyazian, 298 Mass. 415, 416 (1937).
Accordingly, there being no error, the report be and hereby is dismissed.